JOSEPH B. CAPASSO, as Guardian ad Litem of JOANNE CAPASSO, an Infant, et al., Plaintiffs, *v.* SQUARE SANITARIUM, INC., Defendant.

*Per Curiam.* The agreed statement of facts gives rise to conflicting inferences with respect to some aspects of the case, thus making it inadvisable to grant judgment to either party on the statement as submitted. The parties agree that "The vaporizer required no supervision during operation". Different inferences may be drawn from that statement; i.e., that it required no supervision with respect to the mechanics of its operation or that it required no supervision during its operation with respect to its proximity to the patient. We may not draw either inference. Likewise there is no indication as to the nature of the duties the nurse was to perform when she left the infant plaintiff. Was her leaving an administrative or medical act? That depends on facts which are not set forth. Consequently, this court will not grant judgment to either party on the instant submission of the controversy. (*Graham* v. *East 88th St. Corp.,* 282 App. Div. 754.) The proceeding is dismissed but without prejudice.

Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ., concur.

Proceeding unanimously dismissed, without prejudice.

ROSE L. STEINBERG, Respondent, *v.* JAMES L. CAREY et al., Defendants, and L. GOEFFREY BREITNER et al., Appellants.

*Per Curiam.* In a stockholder's derivative suit like the present, wherein a corporate defendant and its officers and directors might be subject to lengthy and expensive examinations before trial, and the corporation assessed for payment of litigation expenses under article 6-A of the General Corporation Law, the courts require plaintiffs suing derivatively to set forth something more than vague general charges of wrongdoing (*Gerdes* v. *Reynolds,* 281 N. Y. 180; *Kalmanash* v. *Smith,* 291 N. Y. 142; *Weinberger* v. *Quinn,* 264 App. Div. 405, affd. 290 N. Y. 635). The charges must be supported by factual assertions of specific wrongdoing rather than conclusory allegations of breaches of fiduciary duty. There should be something to show more than *de minimis* damage to the corporation. The individual parties, who are claimed to have committed wrong, should be identified. Generalizations and vague references to wrongdoing, such as allegations that others (including the plaintiff) brought suits against the company, add nothing. Matters depending on business judgment are not actionable. To allege, as here, that an officer used the corporate offices or facilities for personal advantage or took his wife on a vacation at corporate expense, without any showing that the terms of his employment did not include these privileges, is not sufficient. Such allegations, in fact, might fall within the *de minimis* rule.

The order appealed from should be reversed, with $20 costs and disbursements, and the motion granted, with leave to serve a second amended complaint.

Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted, with leave to serve a second amended complaint.