James B. M. McNally, J.
Motions 2260 and 2320 are consolidated and disposed of as follows.
In a derivative action, the defendants, Equitable Life Assurance Society of the United States, Murphy, Dow, Klein and *284 Hogg, move to dismiss the complaint for legal insufficiency and plaintiff’s incapacity to sue. Plaintiff since 1928 has been and is a policyholder of Equitable. The individual defendants are charged as directors of Equitable. The complaint alleges the making of investments in real property by the defendants in violation of provisions of the Insurance Law. In addition, the complaint alleges improvident leasing of portions of said real property and improvident expenditures in respect of said leased portions resulting in substantial losses. Plaintiff also alleges lack of appropriate care and prudence in the acquisition of certain real property resulting in substantial losses and deprivation of income.
Prior to the commencement of this action plaintiff petitioned this court for an order directing the Superintendent of Insurance and the Attorney-General to bring this action. Said proceeding was finally determined by an order of. the Appellate Division denying the relief sought by the plaintiff-petitioner. The Per Curiam opinion of the Appellate Division was as follows: “ The order of the Special Term should be affirmed. It may not be said that the refusal of the Superintendent of Insurance and the Attorney-General was without reasonable basis. We do not pass upon any of the other questions ruled upon by Special Term, including the question as to whether this policyholder has the right to institute suit. Order unanimously affirmed, with $20 costs and disbursements to the respondents.” (Matter of Garfield v. Holz, 1 A D 2d 820.)
The petition for leave to commence this action was prompted by the holding in Isaac v. Marcus (258 N. Y. 257). There, the plaintiff, a stockholder of the Bank of United States, brought a derivative action for an accounting against the directors of the bank. The complaint was dismissed on motion of the Superintendent of Banks. As statutory receiver of the bank, the Superintendent of Banks was vested with authority to maintain any action vested in the bank, or its stockholders or creditors. The court held the right of the Superintendent of Banks to maintain the action to be paramount to plaintiff’s and that plaintiff must first exhaust the available means to induce action by the superintendent. The appropriate procedure indicated by the court was an order to show cause why the superintendent should not bring the action or why the plaintiff should not be allowed to do so.
Defendants argue the determinations of the Superintendent of Insurance and the Attorney-General affirmed by the Appellate Division preclude the prosecution of this action. It does not appear that the superintendent contemplates proceedings under *285 article XVI of the Insurance Law. On the contrary, it is apparent that the affairs of Equitable are in such excellent condition that such proceedings would be baseless. In the absence of proceedings under article XVT, or the likelihood thereof, there is no statutory provision vesting in the superintendent the right to prosecute a derivative action. There is not present, therefore, any necessity for accommodating any vested right of the superintendent to the right of the plaintiff to prosecute this action as was the case in Isaac v. Marcus (supra).
The determination of the Attorney-General refusing to institute this action, likewise affirmed by the Appellate Division, does not constitute a bar to its prosecution by the plaintiff. Chapter 400 of the Laws of 1890 (Insurance Law of 1892, § 56) proscribed any accounting or injunction in respect of any life or casualty insurance company, except on application of the Attorney-General. The said section was repealed by section 15 of chapter 326 of the Laws of 1906. Said repeal carried with it the legislative policy relied on by the court in Swan v. Mutual Reserve Fund Life Assn. (155 N. Y. 9). There is therefore no exclusive right in the Attorney-General as to this action. Nor does it appear by prior decision or statute that the consent or approval of the Attorney-General is a requisite in a derivative action such as is here involved.
The defendants advert to the superintendent’s paramount and exclusive jurisdiction in the area of investments and finances in respect of insurance companies and suggest that this action is in the nature of a collateral attack on determinations made by the superintendent. We do not reach that question on the instant motions. Assuming the validity of the defendants’ position, thereby it is not demonstrated for the purpose of the pending motions that plaintiff’s allegation as to the defendants’ failure to exercise the care and prudence required of them may be ignored. In other words, if we assume the validity of the investments involved, it cannot be held as matter of law that the defendants exercised the required care and prudence. Particularly is this so in regard to the leasing transactions and the expenditures incidental thereto. The determination, if any, of the superintendent may serve as relevant data on the issue of prudence and care. Whether that be so, and the extent to which such data is decisive of the ultimate issues is not for decision at this time.
It may be also conceded that the relief sought is excessive. Nevertheless if a cause of action is alleged, for the purpose of these motions, the complaint is sufficient. (Niagara Falls Power Co. v. White, 292 N. Y. 472,480.)
*286 Remaining is the question as to the plaintiff’s capacity to prosecute this action. In Russell v. Pittsburgh Life & Trust Co. (132 App. Div. 217) this department held that a policyholder may not prosecute an equitable action against his company, although (p. 229) “ A stockholder might have a cause of action to attack the transaction upon the ground that the act of the officers and directors in making the contract for reinsurance and attempting to carry it into effect was ultra vires ”. The import of Russell v. Pittsburgh is that a simple creditor may not prosecute an action for an accounting against his debtor and that the status of a policyholder iñ respect of his company was one of simple creditor. Since the Russell case the Legislature has declared ‘ ‘ Every domestic mutual insurance corporation shall be organized, maintained and operated for the benefit of its members as a non-stock corporation.” (Insurance Law, § 57, subd. 1.) A policyholder has voting rights (Insurance Law, § 198). Furthermore, the statutory inhibition in respect of actions for an accounting (Insurance Law of 1892, § 56), which supplied a vital link in the chain of reasoning of the authorities cited in the Russell case, has been repealed. At this time there appears no public policy to be served by refusing to equate a policyholder, such as the plaintiff, with a stockholder. Accordingly, the court holds that the plaintiff has the capacity to prosecute this action. The motions are denied.