Harold A. Stevens, J.
Defendant Equitable Life Assurance Society of the United States and four individual defendants, directors of the company and served with the summons move for relief, pursuant to section 476 of the Civil Practice Act and subdivisions 2 and 4 of rules 106 and 107 of the Buies of Civil Practice, for dismissal of the complaint and of each of the three portions thereof based separately upon the three subject matters in concern. The relief sought is variously stated in 22 subdivisions of the notice of motion. Involved are a claimed illegal investment in the Gateway Center Project in Pittsburgh, Pennsylvania, claimed improvident leasing and expenditures in connection therewith of portions of the improvements, and claimed illegal and improvident investment in the acquisition of land in that project and devoted to parking.
The Insurance Law (§ 81) provides: “ The reserve investments of a domestic insurer shall consist of the following: * * * 7. Beal estate. Beal estate only if acquired or used for the following purposes and in the following manner: * * * (h) Such real property * * * as may be acquired, as an investment for the production of income, or as may be acquired to be improved or developed for such investment purpose pursuant to an existing program therefor, subject to the following conditions and limitations ”. With respect to the Gateway Center Project the limitation involved concerned the amount available for investment in one parcel. Plaintiff concedes that if the acquisition and improvement involved three parcels the complaint is insufficient as to that portion thereof which charges illegality of investment.
Did this investment involve a single parcel as plaintiff contends? In his complaint he alleges that beginning on or about October 30, 1950 and continuing until at least December 31, 1955 the defendants unlawfully, improvidently and improperly applied the sum of approximately $45,000,000 in the acquisition *421 of a single parcel of real property designated as District A of the Gateway Center Project and for the improvement of that parcel by the construction thereon of two 20-story and one 24-story office buildings. It is charged that such expenditure exceeded the permitted investment in a parcel of real property. It is further alleged that such improvement was first authorized and approved upon the basis of an estimated cost of approximately $32,500,000. The allegation that defendant acquired a single parcel is a conclusion. The prohibition of the statute is a limitation and not a proviso. Consequently, the complaint must set forth facts supporting the conclusory allegation. In fact, the allegation is that the stated sum was applied to acquisition and construction. Inferentially a program for improvement or development as required by the statute existed and it would require a strained construction to hold the program was envisaged as a plan for the construction of a single building despite the fact it was envisaged in its entirety as a single comprehensive program. It may be said, indeed, that the fact that each building is “ capable of being sold, described, and conveyed ” as a unit (Ellsworth v. Lockwood, 42 N. Y. 89, 100) approaches closely the realm of judicial notice.
Section 20-a of the General Construction Law provides that, ‘ ‘ ‘ Distinct parcel ’ of real property is a part of the property which is or may be set off by boundary lines as distinguished from an undivided share or interest therein.” Since the particular acquisition was founded upon an existing program which encompassed the erection of a plurality of buildings, only a strained and unrealistic construction would require that the parcel acquired by single purchase must forever and in all circumstances be deemed single. The essential nature of the transaction therefore requires that the complaint set forth affirmatively facts which would compel an inference that the single purchase within the framework of the plan was and is a single parcel. This the complaint fails to do and the court concludes it cannot do. Singleness is to be determined not solely by the purchase but by the plan as well and its essential and natural implications, its purpose and policy. This matter, of course, has been examined and reviewed by the New York State Insurance Department and the court takes judicial notice of its report (Civ. Prac. Act, § 344-a). While its determination is not conclusive, it must be accorded its requisite weight (Bullock v. Cooley, 225 N. Y. 566). The department has considered the three office buildings as separate and distinct parcels for all purposes. That portion of the complaint charg *422 ing illegality and impropriety with respect to the foregoing-investment is insufficient.
The complaint alleges further that the defendants leased 50% of the rentable space in the three office buildings by lease for terms of 20 years. It is charged that the leases were improvident as well as certain stated expenditures made in connection therewith. Upon a prior motion directed to the entire complaint, McNally, J., ruled: “ Assuming the validity of the defendants’ position, thereby it is not demonstrated for the purpose of the pending motions that plaintiff’s allegation as to the defendants’ failure to exercise the care and prudence required of them may be ignored. In other words, if we assume the validity of the investments involved, it cannot be held as matter of law that the defendants exercised the required care and prudence. Particularly is this so in regard to the leasing transactions and the expenditures incidental thereto. The determination, if any, of the superintendent may serve as relevant data on the issue of prudence and care. Whether that be so, and the extent to which such data is decisive of the ultimate issues is not for decision at this time.” (Garfield v. Equitable Life Assur. Soc., 7 Misc 2d 283, 285.) The court reaches the conclusion upon this portion of the complaint that it survives the application of the business judgment rule for which defendants contend, and sufficient facts charging lack of due care and prudence are set forth to require investigation.
■ The third and last portion of the complaint relates to the acquisition of land now devoted to parking. It is alleged therein that the defendants unlawfully, imprudently and improperly applied the company’s funds to ultra vires and prohibited purposes in that they acquired parcels of blighted real property and razed existing structures “ although Equitable had and has no existing program for development or improvement thereof.” During that period from November, 1950 through December, 1955 the defendants were and are unable to formulate and carry out a plan “ for the development and improvement ’ ’ of those parcels with income producing edifices or structures because the estimated cost thereof would render the investment prohibitive and illegal. By reason thereof defendants are compelled to retain those parcels in their present state, razed, undeveloped and unimproved, and that no proper or reasonable return has been or can be earned on the investment while the property has been used since its acquisition and is now being used for open-air parking lot purposes contrary to the prohibitions and limitations of the Insurance Law. It is charged, finally, that it was the defendants’ duty *423 not to have made such investment unless they could have projected a reasonable and prudent “improvement and development ” capable of producing a reasonable and proper return of income upon such investment.
The statute provides that the defendant may acquire property “as an investment for the production of income, or * * * to he improved or developed for such investment purpose pursuant to an existing program therefor It is to be noted that the requirement for an existing program is embodied wholly within and relates solely to that disjunctive portion of the subsection which contemplates improvement or development. The allegation ‘ ‘ although Equitable had and has no existing program for development or improvement ” is ineffective. It appears from the complaint that defendant did have a plan for acquisition as an investment for the production of income since it razed the structures in the “ blighted ” area and created parking space. Improvement and development were not in any case required as alleged by plaintiff, but rather improvement or development in those situations where property is acquired pursuant to an existing program for improvement or development as distinguished from an investment for the production of income. There was improvement and, in any event, there was an investment for the production of income and thus, upon the face of the complaint, there is no factual basis for the charge of illegality.
This portion of the complaint charges clearly both illegality and improvidence. . As a charge of illegality, it must be dismissed. However, under the allegations of the complaint, the acquisition need not be viewed within a purpose to put it permanently to parking use. Future use and enlargement does not entrench upon original legality, However, as alleged, a contemplated future use was rendered unrealizable by reason of the alleged fact that defendant^ f^und further development would lead to prohibited allocatif of assets and thus is raised the question of the providence • ¿ the investment originally.
We are left therefore with tbn charges of improvidence, lack of due care and prudence w^h respect to the leases, the expenditures made in connection therewith, and the acquisition of the area devoted to parking use c,r planted in grass until developed, which are found ;o be (¡sufficient. As to those charges, the contentions of re3 judicata and lack of capacity to sue are overruled.
The motion is denied to tint extent; thus indicated, as well as those portions of the moi°n whi'ch are directed to the entire complaint, Í
*424 The charges of illegality as to those matters and as to the parcel developed by the construction of three office buildings are stricken out and to that extent the motion is granted.
Points not otherwise discussed or passed upon need not be considered.
Service of an amended complaint is directed.
Settle order.