Henry Clay Greenberg, J.
Defendants move to dismiss for insufficiency the complaint in this minority stockholders’ derivative action ox', alternatively, to strike certain paragraphs therefrom. Plaintiffs seek to set aside an agreement made in 1956 between the corporation and its president, and approved by the board of directors, whereby the corporation placed in escrow the sum of $372,256 (the equivalent of $1 for each share of its 372,256 outstanding shares) to be invested and reinvested, and paid to the president after the termination of his employment on December 31, 1965.
The gist of the first cause of action is that this constitutes “ an illegal bonus and a gift of the property of the corporation * * * for services rendered in the past by the said defendant and for which services the said defendant was already fully paid and compensated ’ ’, and this bald allegation is attempted to be supported by the simple statement that the agreement embodying the boxxus was made without adequate consideration. The plaintiffs have not condescended to particulars and have failed to set forth facts supporting the conclusory allegations set forth in the first cause of action. The allegation of inadequacy of consideratioxx or excessive compensation fails to state a cause of action sixxce compensation for corporate officers is a matter for the discretion of the board of directors and will not be interfered with by the courts “ in the absence of a factual showing of misconduct amounting to bad faith ” (Kalmanash v. Smith, 291 N. Y. 142).
In order to set forth a sufficient cause of action, it would be necessary for the plaintiffs to plead facts of misconduct amounting to bad faith or breach of trust which caused the alleged exces *87 sive compensation. But no facts are pleaded showing that the defendants acted in bad faith, wrongfully and illegally (see Steinberg v. Carey, 285 App. Div. 1131): “In a stockholders’ derivative suit like the present, wherein a corporate defendant and its officers and directors might be subject to lengthy and expensive examinations before trial, and the corporation assessed for payment of litigation expenses under article 6-A of the General Corporation Law, the courts require plaintiffs suing derivatively to set forth something more than vague general charges of wrongdoing. (Gerdes v. Reynolds, 281 N. Y. 180; Kalmanash v. Smith, 291 N. Y. 142; Weinberger v. Quinn, 264 App. Div. 405, affd. 290 N. Y. 635.) The charges must be supported by factual assertions of specific wrongdoing rather than conelusory allegations of breaches of fiduciary duty. ’ ’
The insufficiency of the complaint is not remedied by the simple allegation in paragraphs 17 and 18 thereof that the individual defendants were subservient to and under the domination, influence and control of the defendant Rosenthal and that Rosenthal caused the directors to approve the contract. These are mere conelusory assertions and contain no supporting facts.
The plaintiffs urge that they state a cause of action because they are not alleging mere inadequacy of consideration, since they allege that the contract was made without any or adequate consideration and, further, because it is alleged in the same paragraph that the compensation agreement was solely for past services. However, the factual allegations of the other paragraphs of the complaint negate any argument that the complaint alleges that the contract was without any consideration or that it was solely for past services. Moreover, the allegation that the contract was without “ any or adequate ” consideration is an alternative pleading and must fail unless both alternatives would state a cause of action which, obviously, is not the case (Ebenstein v. Pritch, 275 App. Div. 256).
The second cause of action attacks the agreement on the ground that it represents the payment of an “ excessive salary, allowance and bonus ’ ’ to the president. The general or ‘ ‘ business judgment ” rule is that stockholders may not question the judgment of directors, who have the right to fix the compensation of executive officers for services rendered and to be rendered to the corporation (Kalmanash v. Smith, 291 N. Y. 142, 155, supra; Bull & Co. v. Morris, 132 Misc. 509, 512, affd. 226 App. Div. 868). Plaintiffs endeavor to bring this cause of action within the recognized exceptions to this rule, i.e. where a *88 bonus or excessive compensation is voted by directors either to themselves or to the person who controls their election and dominates their activities (see Walsh v. Van Ameringen-Haebler, 257 N. Y. 478; Haberman v. New York Ambassador, 272 App. Div. 375). But unsupported conclusions only are set forth as to the president’s alleged ownership and control of the majority of voting stock and domination of the directors.
The branch of the motion to strike is granted to the extent of striking paragraph 6, as repetitious of 1; 7, as unnecessary in view of the specific allegations contained in 8 and 9; the final portion of 13 relating to other salaries; 24, as irrelevant. Paragraphs 17, 18 and 20 are also stricken with leave to replead such connective facts as are necessary to the first cause of action and, if plaintiffs be so advised, facts showing the president’s ownership of corporate stock and control over its majority interest.
Accordingly, the motion to dismiss both causes of action is granted with leave to replead within 20 days after service of a copy of the order to be entered herein, with notice of entry.
Settle order accordingly.