Thomas A. Aurelio, J.
The defendants-directors move for relief pursuant to rule 103, subdivision 4 of rule 106, and subdivisions 2 and 5 of rule 107 of the Rules of Civil Practice and section 476 of the Civil Practice Act. The issues involved are tendered and argued through voluminous affidavits and briefs, *215 but, in the opinion of the court, are readily and simply disposable by close and accurate attention to what the amended complaint pleads and claims.
The amended complaint, as did the original complaint (7 Misc 2d 283; 7 Misc 2d 419; 4 A D 2d 861, 863) charges, with respect to the February, 1950, transactions, that 70% of the rentable space was let upon rentals which did not take into consideration the added construction cost to the company and the benefit to the tenants of air conditioning and fluorescent lighting; that additional construction costs were improvidently undertaken, as well as the acquisition of that area devoted to parking use and planted in grass. The pleading does not charge that the added construction costs were, in themselves, improper, but were so in relation to the leasings made without charging to the tenants an additional rent to cover the improvements planned and innovated after the making of the original plans, estimates and leases. It is clear that the basic contention is sham, for the original plans, estimates and leases did contemplate air conditioning and fluorescent lighting and the rentals were computed accordingly. In addition ,the company was fully committed by the action of its real estate board and whatever action was taken thereafter by the company was in implementation of the acts of February, 1950. The pleading must be viewed as invoking only the application of the business judgment rule without reference whatever to any element capable of basing liability other than negligence, and that solely with respect to the February, 1950 transactions. Since the pleading thus rests upon a basis found to be sham, the allegations of improvident leases and incurring of unwarranted additional cost must be stricken out.
There remains the charge respecting the improvident investment in the area devoted to parking use and planted in grass. The transaction in this respect was heretofore found to be legal and claimed illegality was, therefore, eliminated from the amended pleading. That charge comes down to this — that the investment was improvident because it developed that any future use became unrealizable within the powers of the company. Apart from the fact that hindsight is here involved, it is not shown that the continuing acts were within themselves in any way wrong or, within the framework of the original investment, could have been avoided by the exercise of reasonable business judgment. Consequently, the charge is limited to one of improvidence in the original acquisition. Therefore, only the members of the real estate committee are chargeable. Only one member of that committee was served with summons on July *216 17, 1957, more than three years after plaintiff should have had knowledge of the claim. No valid reason is urged for a different limitation or for the tolling of the period for any time or cause. Accordingly, the sole surviving claim under the pleading is barred as to the sole defendant served and liable thereon.
For the reasons indicated, the motion is granted dismissing the complaint with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.