Thomas A. Aurelio, J.
The motion of the defendant The Equitable Life Assurance Society of the United States for dismissal of the complaint as to it pursuant to subdivision 4 of rule 106 and pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice is granted. The amended complaint was served by direction for the purpose of eliminating all allegations charging illegality (7 Mise 2d 419). There remained, and the amended complaint can charge, only improvidence, lack of due care and prudence with respect to the leases, the expenditures made in connection therewith and the acquisition of the area devoted to parking use or planted in grass until developed. Defendant has the right that it be established that no *217 cause of action is asserted against it as distinguished from claims stated in its behalf and resting on those charges. "While the matter of divestment is explicitly stated in the prayer for relief alone, yet it must be presumed that the allegations of the amended complaint purport to support subdivisions (a) and (b) of the prayer. Not only has leave not been granted to assert such a cause, but such a purported cause is not sufficiently stated. Divestment is a matter of present judgment in present conditions and to support such relief the complaint must factually allege that conditions are appropriate thereto. This the complaint fails to do. Moreover, regardless of the form of the prayer for relief, the company is asked to make divestment of an investment already found to be legal. It is not for the bondholder to advise the company through its board what its policies of investment or retention of investment should be. If, with respect thereto, a complaint can be stated which, by its allegations, will survive the rule of business judgment, then the relief is against the errant directors for damages. Subject to ruling upon the objections raised by the defendant-directors by their companion motion (16 Mise 2d 214), this complaint must be deemed to state only a cause against them. The complaint is dismissed as against the defendant The Equitable Life Assurance Society which, nevertheless, remains as a nominal party.
Settle order.