Arthur Markewich, J.
All those defendant directors served with process here move for multiple relief with respect to the second amended complaint, pursuant to rules 102, 103 and subdivision 4 of rule 106 and subdivisions 2 and 5 of rule 107 of the Buies of Civil Practice, and section 476 of the Civil Practice Act. The action is brought by a policyholder and involves the Gateway Center Project in Pittsburgh, Pennsylvania.
In dismissing the original complaint on motion made pursuant to subdivisions 2 and 4 of rules 106 and 107 of the Buies of Civil Practice and section 476 of the Civil Practice Act, the court stated (7 Mise 2d 419, 420-422, Stevens, J.): “ Involved are a claimed illegal investment in the Gateway Center Project in Pittsburgh, Pennsylvania, claimed improvident leasing and expenditures in connection therewith of portions of the improvements, and claimed illegal and improvident investment in the acquisition of land in that project and devoted to parking. * * * Did this investment involve a single parcel as plaintiff contends % * * * That portion of the complaint charging illegality and impropriety with respect to the foregoing investment is insufficient.”
*297 As to improvident leasing, the court went on: “ The court reaches the conclusion upon this portion of the complaint that it survives the application of the business judgment rule for which defendants contend, and sufficient facts charging lack of due care and prudence are set forth to require investigation.”
And, with respect to the area devoted to parking and planted in grass (p. 423): “ This portion of the complaint charges clearly both illegality and improvidence. As a charge of illegality, it must be dismissed. * * * However, as alleged, a contemplated future use was rendered unrealizable by reason of the alleged fact that defendants found further development would lead to prohibited allocation of assets and thus is raised the question of the providence of the investment originally.”
There then remained, said the court: ‘ ‘ the charges of improvidence, lack of due care and prudence with respect to the leases, the expenditures made in connection therewith, and the acquisition of the area devoted to parking use or planted in grass until developed, which are found to be sufficient. As to those charges, the contentions of res judicata and lack of capacity to sue are overruled. ’ ’
Then, upon the first amended complaint, defendant corporation moved for similar relief. Said the court, in dismissing (16 Misc 2d 216, Aurelio, J.): “ The amended complaint was served by direction for the purpose of eliminating all allegations charging illegality (7 Misc 2d 419). There remained, and the amended complaint can charge, only improvidence, lack of due care and prudence with respect to the leases, the expenditures made in connection therewith and the acquisition of the area devoted to parking use or planted in grass until developed.”
The individual defendants’ motion for similar relief, as well as pursuant to rule 103 and subdivision 5 of rule 107, came on simultaneously before the same Justice, who held, as to improvident leases (16 Misc 2d 214, 215): “ The amended complaint, as did the original complaint [7 Misc 2d 283; 7 Misc 2d 419; 4 A D 2d 861, 863] charges, with respect to the February, 1950, transactions, that 70% of the rentable space was let upon rentals which did not take into consideration the added construction cost to the company and the benefit to the tenants of air conditioning and fluorescent lighting; that additional construction costs were improvidently undertaken, as well as the acquisition of that area devoted to parking use and planted in grass. The pleading does not charge that the added construction costs were, in themselves, improper, but were so in relation to the leasings made without charging to the tenants *298 an additional rent to cover the improvements planned and innovated after the making of the original plans, estimates and leases. It is clear that the basic contention is sham, for the original plans, estimates and leases did contemplate air conditioning and fluorescent lighting and the rentals were computed accordingly.”
The court went on, as to the Statute of Limitations and the business 'judgment rule: “ In addition, the company was fully committed by the action of its real estate board and whatever action was taken thereafter by the company was in implementation of the acts of February, 1950. The pleading must be viewed as invoking only the application of the business judgment rule without reference whatever to any element capable of basing liability other than negligence, and that solely with respect to the February, 1950, transactions. Since the pleading thus rests upon a basis found to be sham, the allegations of improvident leases and incurring of unwarranted additional cost must be stricken out.”
And, further, as to the area devoted to parking and planted in grass (p. 215): “ There remains the charge respecting the improvident investment in the area devoted to parking use and planted in grass. * * * That charge comes down to this — that the investment was improvident because it developed that any future use became unrealizable within the powers of the company. Apart from the fact that hindsight is here involved, it is not shown that the continuing acts were within themselves in any way wrong or, within the framework of the original investment, could have been avoided by the exercise of reasonable business judgment. Consequently, the charge is limited to one of improvidence in the original acquisition. Therefore, only the members of the real estate committee are chargeable. Only one member of that committee was served with summons on July 17, 1957, more than three years after plaintiff should have had knowledge of the claim. No valid reason is urged for a different limitation or for the tolling of the period for any time or cause. Accordingly, the sole surviving claim under the pleading is barred as to the sole defendant served and liable thereon.”
In paragraph 1 of the present pleading, plaintiff has added a number of allegations with the ostensible purport and intent to anticipate the defensive claim of the Statute of Limitations. Those allegations relate to actions and proceedings taken therein by way of resort to administrative remedy in order to ground plaintiff’s capacity to sue and mature his action. The taking of a mistaken remedy will, of course, not stay the *299 running of the statute, but in addition, the issues thus tendered have already been litigated in the prior motions.
In paragraph 5, plaintiff adds matter with respect to the power of defendants’ real estate committee and the time when the statute would commence to run. Here, again, these are issues heretofore determined adversely to plaintiff, and which cannot be relitigated. There are further added to this paragraph and to paragraph 18 allegations whose ostensible purport and intent are to supply facts by which to survive the business judgment rule and to make the complaint sufficient in this particular detail. The new matter is conclusory only. By it plaintiff endeavors to claim that the actions of the defendants were taken in self-interest or for the personal advantage of third persons or corporations with whom they are allegedly affiliated through interlocking directorships, or that those who did not so profit were guilty of gross negligence and did not act in the interest of the corporation. Plaintiff has not succeeded in rescuing his complaint from that application of the business judgment rule which defeated the first amended complaint.
Otherwise, the pleading is substantially like the first amended complaint. Some slight changes occur in paragraphs 12 and 13, but these attempt to assert only in a conclusory fashion that losses occurred from failure to take into consideration increased construction costs in the fixing of rentals. No factual showing is made that the rentals as fixed were less in any degree than the fair market value.
The motion to dismiss the complaint is granted.