## (December 15, 1959)

■ GUSTAVE B. GARFIELD, Appellant, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Respondents.— Order dismissing the second amended complaint unanimously modified, on the law and in the exercise of discretion, to grant leave to serve a further amended complaint, and the judgment entered thereon vacated, without costs to any party. The appeals from other orders, which have not been heretofore dismissed, are now dismissed as moot in view of this determination. On this record, it may not be found as a matter of law that the action is barred by the Statute of Limitations (Civ. Prac. Act, § 49, subd. 4). The Superintendent's 1950

Report set forth comprehensive factual data regarding the Gateway Center project and may establish the defense as to some facets of the project. The report also stated however, that the latest estimate of the average rate of return of the project was 3.9% and, in and of itself, did not advise plaintiff, or put him on inquiry, that rental income had become fixed and that costs, in addition to those specified in the report, would or had been incurred (cf. *Hayman* v. *Morris*, 46 N. Y. S. 2d 482, 491). Or at least it may not be so held as a matter of law on the present record. Nor, on this record, may it be found as a matter of law that only members of the real estate committee and directors elected as of February, 1950 were responsible for the improvident acts complained of (see *William* v. *McKay*, 40 N. J. Eq. 189). While defendant Equitable Life Assurance Society became committed to the project in 1950, it may be, as plaintiff contends, that subsequently members of the committee and of the board wasted corporate assets in authorizing, or in failing to object to, the incurring of additional costs in the absence of provision for appropriate additional income. To be sure, the business judgment rule may be a good defense as to some or all of the defendants (*People* v. *Equitable Life Assur. Soc.*, 124 App. Div. 714, 731), but on this record, the rule may not be invoked to defeat the action summarily (*Abrams* v. *Allen*, 297 N. Y. 52; *Ludlam* v. *Riverhead Bond & Mtge. Corp.*, 244 App. Div. 113, 120). On this confused record, it is difficult to isolate the particular parts of the complaint which survive the several prior determinations. In addition, the present complaint is equivocal as to the precise wrong allegedly committed and also contains allegations as to irrelevant collateral matters. Moreover, the allegations in paragraphs 5 and 18 of the second amended complaint charging self-dealing and personal advantage are unduly conclusory in form (*Steinberg* v. *Carey*, 285 App. Div. 1131). Hence, plaintiff should be required to replead. This court, of course, is not bound by the determinations on the prior motions addressed to the complaint (*Walker* v. *Gerli*, 257 App. Div. 249). Nevertheless, the issues of illegality under the applicable provisions of the Insurance Law of the project are not reached because plaintiff stipulated that these should not be considered, and he is no longer entitled to rest on those contentions or replead them. In repleading plaintiff should confine himself to charges of improvidence and self-dealing, provided, as to the latter charge, he is able to allege ultimate facts against the several defendants, indicating which. Assuredly, plaintiff has had more than ample opportunity to plead a proper complaint, and beyond the leave granted herein, there should be no occasion for further indulgence. Settle order. Concur — Botein, P. J., Breitel, M. M. Frank and Valente, JJ. [7 Misc 2d 283, 419; 16 Misc 2d 216, 296.]