Thomas A. Aurelio, J.
The defendant directors move for relief [see 7 Misc 2d 283, 419; 4 AD 2d 861, 863; 16 Misc 2d 214, *177 216, 296] with respect to the third amended complaint pursuant to section 241 of the Civil Practice Act and rules 102 (subd. 1) and 103, and the grounds for such relief are set forth in the subdivisions of the notice of motion numbered (1) to (10) inclusive. With respect to subdivision (1), it cannot be said that there has been substantial disregard of the terms of the grant by the Appellate Division of leave to replead.
The appeal was taken from the order dismissing the second amended complaint without leave to replead and the judgment entered thereon. In its opinion the Appellate Division stated (9 A D 2d 887-888): “ The Superintendent’s 1950 Report set forth comprehensive factual data regarding the Gateway Centre project and * * * also stated however, that the latest estimate of the average rate of return of the project was 3.9% and, in and of itself, did not advise plaintiff, or put him on inquiry, that rental income had become fixed and that cost, in addition to those specified in the report, would or had been incurred (cf. Hayman v. Morris, 46 N. Y. S. 2d 482, 491). # * * Ñor, on this record, may it be found as a matter of law that only members of the real estate committee and directors elected as of February, 1950 were responsible for the improvident acts complained of (see William v. McKay, 40 N. J. Eq. 189). While defendant Equitable- Life Assurance Society became committed to the project in 1950, it may be, as plaintiff contends, that subsequently members of the committee and of the board wasted corporate assets in authorizing, or in failing to object to, the incurring of additional costs in the absence of provision for appropriate additional income. To be sure, the business judgment rule may be a good defense as to some or all of the defendants (People v. Equitable Life Assur. Soc., 124 App. Div. 714, 731), but on this record, the rule may not be invoked to defeat the action summarily (Abrams v. Allen, 297 N. Y. 52; Ludlow v. Riverhead Bond & Mtge. Corp., 244 App. Div. 113, 120). * * * In addition, the present complaint is equivocal as to the precise wrong allegedly committed and also contains allegations as to irrelevant collateral matters. Moreover, the allegations in paragraphs 5 and 18 of the second amended complaint charging self-dealing and personal advantage are unduly conelusory in form (Steinberg v. Carey, 285 App. Div. 1131). * * * the issues of illegality under the applicable provisions of the Insurance Law of the project are not reached because plaintiff stipulated that these should not be considered, and he is no longer entitled to rest on those contentions or replead, them. In repleading plaintiff should confine himself to charges of improvidence and self-dealing, provided, *178 as to the latter charge, he is able to allege ultimate facts against the several defendants, indicating which.”
Plaintiff urges that he has now alleged negligence based on violation of statutory duty and approval of or failure to object to actions which were unauthorized, wasteful or improvident, all resulting in an investment in excess of value. He urges, further, that he has now alleged dealings in violation of statutory and common-law duty between persons on different sides having an identity and community of interests in relation to leases to favored persons and in relation to letting of construction contracts and services. These acts, it is alleged, were approved, or no objection was raised thereto by the defendant directors, although they knew or should have known the facts which rendered them improvident and wasteful. There is the additional claim that certain areas of the project were improvidently retained, although they were not available for improvement and production of required income.
Before proceeding with the consideration of the remaining objections, it may be observed that by prior proceedings plaintiff is now prohibited from claiming illegality. He urges that any allegation of illegality contained in the complaint is intended to affect the questions of good faith, the business judgment rule, claimed negligence and improvidence. Those contentions relate to investments in excess of value, unauthorized or improper costs and additions to costs without procuring an additional required income, improper and improvident retention of unimproved areas, and self-dealing as to leases to favored persons and the letting of construction contracts and services. If legal considerations reach statutory violation in support of the various claims, then the existence of any legislative violation would at best be only evidence of the claimed wrongs and liability in the event other allegations, when proved, serve to invoke consideration of the statutes.
Under subdivision (2) of the notice of motion the defendants seek an order striking out the third amended complaint in its entirety, since it is prolix and otherwise improper in so many and varied respects as to be wholly unsupportable, and this subdivision of the notice is supported in fact by subdivisions (3) to (10) inclusive, in which, with respect to certain stated paragraphs in each subdivision it is contended that the allegations contained therein are in unnumbered and unlettered sub-paragraphs, each containing a multiplicity of separate allegations (3); the paragraphs improperly plead matters of law and of legislative intent (4); the stated paragraphs and exhibits A and B are evidentiary (5); the allegations are indefinite, *179 uncertain and obscure (6); the pleading is improper, since it contains the phrase “and/or” (7); the allegations of the stated paragraphs are argumentative (8); the allegations are anticipatory of the defense of the Statute of Limitations (9); the matter is scandalous and prejudicial (10).
Plaintiff has made a prodigious effort to frame his pleading. The second amended complaint contained 22 paragraphs covering 14 pages, while the present pleading contains 50 paragraphs covering 39 pages. Of the second amended complaint the Appellate Division said (p. 888): “On this confused record, it is difficult to isolate the particular parts of the complaint which survive the several prior determinations. In addition, the present complaint is equivocal as to the precise wrong allegedly committed and also contains allegations as to irrelevant collateral matters. Moreover, the allegations in paragraphs 5 and 18 of the second amended complaint charging self-dealing and personal advantage or unduly conclusory in form * * In repleading plaintiff should confine himself to charges of improvidence and self-dealing, provided, as to the latter charge, he is able to allege ultimate facts against the several defendants, indicating which. Assuredly, plaintiff has had more than ample opportunity to plead a proper complaint, and beyond the leave granted herein, there should be no occasion for further indulgence. ’ ’
Examination of the paragraphs and exhibits to which objection has been raised and resolution of those objections in the light of those comments contained in the opinion of the Appellate Division, involve a heavy burden and penalty. The examination has been made, and it must be stated that some of the objections are well taken. It does not follow that lack of total nicety and observance of the rules of good pleading in the statement of a grievance of this magnitude and complexity results in prejudice or balance of convenience in favor of the motion having such drastic portent.
The task has not at all been rendered easy or entirely useful, since defendants have failed to attack the pleading for insufficiency. The thrust of the Appellate Division modification of the order dismissing the second amended complaint granting leave to replead was to enable the plaintiff to charge liability upon a statement of a grievance legally sufficient. The final test has not been sought. The objections raised pursuant to subdivisions (3) to (10) inclusive of the notice of motion embrace 22 paragraphs of the complaint, and their elimination would emasculate the complaint, leaving it a mere shell. In that posture the plaintiff would remain without a complaint which *180 has not been tested for its sufficiency, and without leave to again replead. The court will not render the final test academic by foreclosing plaintiff through the office of an attack upon the complaint upon other grounds. At least, the defendants could have moved for relief pursuant to subdivision 4 of rule 106 and for the relief which they did seek by the notice of motion in the alternative. The motion is denied.