Benjamin Brenner, J.
Defendants in a stockholders’ action move to dismiss the complaint under rule 106 of the Rules of Civil Practice, for insufficiency.
The gist of plaintiff’s action is that the individual defendants, in their capacities as corporate officers and majority directors, have conspired to defraud the defendant corporation of its property and to convert such property to themselves. In substantiation plaintiff relies wholly upon the following material facts as set out in the complaint, to wit: the payment to the *429 defendant president of a salary in the sum of $3,000 during the year 1960, that the corporate defendant failed to bring an action against the individual defendants 1 ‘ to turn over certain assets ’ ’ allegedly belonging to the corporation since 1959, the retention of possession of the corporate books by the defendant officers, and “ maliciously ” refusing plaintiff “ access to its [corporate] books and records and to deliver over to the plaintiff the same for perusal, audit or other examination
I cannot gather from these allegations that defendants are being charged with having acted wrongfully, illegally or even in bad faith. It is elementary that to sustain charges of fraud and conversion, they ‘ ‘ must be supported by factual assertions of specific wrongdoing rather than conclusory allegations of breaches of fiduciary duty ” (Steinberg v. Carey, 285 App. Div. 1131 and eases therein cited).
The material facts alleged do not singly or conjunctively support plaintiff’s conclusion of fraud and conversion. The mere payment of salary to a corporate officer is not wrongful (see Schwartz v. Rosenthal, 10 Misc 2d 85). An unexplained charge of failure to institute an action does not spell out a breach of a fiduciary relation. Nor is possession of corporate records by its officers, without particularization, a wrongful act. Finally, a refusal to permit plaintiff “ access ” to the books and records 1 ‘ and to deliver over the same for perusal, audit and other examination” is not necessarily “ malicious,” as charged. (See Matter of Tate v. Sonotone Corp., 272 App. Div. 103.)
Motion to dismiss granted, with leave to plaintiff, if so advised, to serve an amended complaint within 20 days after service of the order hereon with notice of entry. Settle order.