■ Marc E. Chaft, Respondent, and Alexander Turner, Intervenor-Respondent, v. Julius Kass et al., Appellants, et al., Defendants.— Order entered February 20, 1963 on motion of defendants Julius Kass and Bandler & Kass, order entered February 20, 1963 upon motion of defendant Isador I. Tilton, and order entered February 20, 1963 on motion of defendant Speedry Chemical Products, Inc., unanimously reversed, on the law and on the facts, and in the exercise of discretion, and the motions granted to the extent of dismissing complaint herein, without costs, with leave to replead in a manner not inconsistent herewith. The plaintiff and the intervening plaintiff acquired their respective stock interests in the corporation sometime subsequent to the execution and delivery of the July 23, 1959 agreement whereby a predecessor of the defendant corporation agreed to pay defendant Rosenthal a percentage of its net sales in consideration of his granting to it of an exclusive license for the use of certain formulae, processes and methods relating to manufacture and use of ink. The fact is that it appears that the July, 1959 licensing agreement was executed and delivered by the predecessor corporation at a time when Rosenthal was the sole stockholder thereof and, therefore, such agreement is immune from attack in this type of action. (See General Corporation Law, § 61; *Capitol Wine & Spirit Corp.* v. *Pokrass,* 277 App. Div. 184, affd. 302 N. Y. 734; *Zurlin* v. *Hotel Levitt,* 5 A D 2d 945; *General Hatters Supply Co.* v. *Hartman,* 148 N. Y. S. 2d 90.) The plaintiffs' stock interests were also acquired subsequent to the execution and delivery of the February 23, 1960 agreement whereby Rosenthal sold the said formulae, processes and methods to the defendant corporation. And, thus, the plaintiffs also lack the standing to maintain an action to avoid such agreement. (General Corporation Law, § 61.) Nor is the action maintainable by them on the theory that the payments by the corporation to Rosenthal pursuant to the provisions of the allegedly invalid 1960 sales agreement constitute a continuing wrong. (For general discussion of continuing wrong doctrine, see 13 Fletcher, Cyclopedia Corporations [rev. vol.], § 5982; Henn, Corporations, § 356, pp. 570, 572.) " The device of employing language in the complaint to make out a continuing wrong does not permit a transferee stockholder to maintain a derivative action." (13 Fletcher, Cyclopedia Corporations [rev. ed.], p. 525.) Here, alleged wrongdoing in the payments made pursuant to the terms of the 1960 agreement, depends, in the final analysis, upon a setting aside of said agreement; and, decisive here is the fact that said agreement, from the corporate standpoint, advantageously replaced the 1959 agreement which, in any event, would be immune from attack by stockholders. The fact is that it appears from the allegations of the complaint that the said 1960 sales agreement superseded the 1959 licensing agreement and that, thereby, the defendant corporation purportedly acquired title to the formulae, processes and methods instead of the mere license to use the same and was obliged thereby to pay a lesser amount during a shorter period than required to be paid for the use thereof under the 1959 licensing agreement. There are in the complaint, however, averments of alleged wrongdoing on the part of defendants occurring after the plaintiff or intervening plaintiff acquired their stock and relating to transactions and payments other than those resting on the 1960 sales agreement. These allegations are in certain instances set forth in conclusory form, and in other instances are vaguely and indefinitely stated, and, in any event, the striking out of the allegations pertaining to alleged wrongs stemming from the 1960 agreement will emasculate the complaint in such manner that it should be rewritten. Therefore, the plaintiffs should serve an amended complaint (see 19 Carmody-Wait, New York Practice, § 45, p. 79; *Steinberg* v. *Carey,* 285 App. Div. 1131) but the repleading shall be limited to charges

of wrongdoing other than those based upon the alleged invalidity of the 1959 licensing agreement or the 1960 sales agreement and payments thereunder. Finally, it does appear that the defendant Tilton may be chargeable with responsibility in connection with certain actionable wrongdoing and, therefore, plaintiffs are also given leave to replead as against him without prejudice, of course, to his moving with respect to the amended complaint. Concur — McNally, J. P., Stevens, Eager, Steuer and Bergan, JJ.