■ GUY N. DUCHARME, Appellant, v COMPAGNIES D'ASSURANCES DU GROUPE DROUOT et al., Respondents.—Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered April 5, 1990, which granted defendant's motion for summary judgment and dismissed the complaint, unanimously affirmed, with costs.

Plaintiff, who was the president, CEO, and a major stockholder of Windsor Life Insurance Company of America ("Windsor"), a domestic life insurance company, and defendant Compagnies D'Assurances Du Groupe Drouot ("Groupe Drouot"), entered into a ten-year agreement in anticipation of Group Drouot's acquisition of a controlling interest in Windsor. The agreement contained a stock buy-back provision obligating Groupe Drouot to purchase the plaintiff's shares in Windsor at a premium price over the prevailing market price in the event his employment was terminated at any time during the ten year term of the agreement. The Insurance Department rejected the proposed purchase, in part based on its conclusion that the agreement violated various provisions of the Insurance Law. A revised agreement of sale and proxy

statement was thereafter submitted for approval after deletion of any reference to the agreement. With these deletions the acquisition was approved. Plaintiff remained as president of Windsor after that date but was thereafter terminated. When he sought to compel Groupe Drouot to purchase his stock pursuant to the agreement, Groupe Drouot refused and this action ensued.

The IAS court, dismissed the complaint, finding that the agreement violated Insurance Law §§ 214 and 69-i, and holding that the stock buy-back was additional compensation prohibited by the statute. We agree.

Insurance Law § 214 (now § 4230), prohibits insurance companies from entering into agreements providing officers with compensation that would extend beyond a period of one year for services to such companies, and no officer who is paid a salary for services, shall receive additional compensation, either directly or indirectly. The stock buy-back provision set forth in the agreement constitutes such indirect compensation. The agreement also violates section 69-i (now § 1509) which prohibits holding companies from entering into agreements in violation of section 214. The IAS court properly accorded great weight to the determination of the Insurance Department that the agreement was in violation of the statute *(see, Garfield v Equitable Life Assur. Socy.,* 7 Misc 2d 419, *mot to dismiss appeal granted* 4 AD2d 863). The contract, made in violation of the statute, is void and unenforceable *(see, Weir Metro Ambu-Service v Turner,* 57 NY2d 911). Concur—Rosenberger, J. P., Ellerin, Wallach, Ross and Smith, JJ.