**AMERICAN SERVICE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Lester J. PUGH, Appellee.**

**No. 16241.**

United States Court of Appeals Eighth Circuit.

Oct. 28, 1959.

ages for personal injuries suffered by him in an automobile accident. The automobile was owned by Loren Allen, a brother of Harry Allen, but at the time of the accident the car was being driven by Harry Allen, brother of the owner of the car, with the permission of the owner. The present proceeding was brought by appellee against the American Service Mutual Insurance Company, which had issued a liability insurance policy to Loren Allen covering the automobile in question. Appellant denied liability under the policy because at the time of the accident the automobile was not being driven by the insured, Loren Allen, or a member of his immediate family. The case was tried to the court without a jury and resulted in findings in favor of appellee, pursuant to which the court entered judgment for $5,000.-00, that being the limit of liability of the insurance company as fixed by the insurance contract.

On this appeal appellant contends that: (1) no liability exists under the policy because Harry Allen was not "actually residing in the household of the named insured," Loren Allen, at the time of the casualty, and the court erred in finding that he did, and (2) the court erred in determining that Loren and Harry Allen were members of the same household at the time of the casualty.

The provision of the policy giving rise to this controversy reads as follows:

"III. Definition of Insured. With respect to the insurance for bodily injury liability and for property damage liability and for medical payments this policy provides coverage only when the vehicle is being actually physically driven by the named insured, or a member of his immediate family. Coverage is extended 'While being driven on a Military Reservation only' to any person legally responsible for the use thereof, provided the actual use of the automobile is with the insured's permission. The words, 'immediate family' mean the spouse, the minor children of named insured

Edward P. Burke, St. Louis, Mo. (Orval H. Jewett, Joplin, Mo., was with him on the brief) for appellant.

Karl W. Blanchard, Joplin, Mo., (Seiler, Blanchard & Van Fleet, Joplin, Mo., were with him on the brief), for appellee.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Circuit Judge.

Appellee Lester J. Pugh recovered a judgment against Harry Allen for dam-

or spouse, the parents of either, brothers or sisters of either, while actually residing in the household of the named insured."

The case was submitted on an agreed statement of facts. Loren Allen and Harry Allen were brothers. They were born and raised in the family home located on their father's farm near Carl Junction, Missouri. They had lived in this home all their lives. Both Loren and Harry were members of the armed forces, and at the time of their enlistment were members of the same household, residing in their home near Carl Junction, Missouri. On August 22, 1956, the date of the accident here involved, they were at home on a forty-five day emergency leave and were living in the same household at the Carl Junction farm. Loren Allen had married August 20, 1956, just two days before the accident, but continued living in the Carl Junction household heretofore described. Harry Allen was married and during the time he was in Japan his wife lived with her family in Connecticut. The permanent address for Loren and Harry Allen has always been the Carl Junction address and the Carl Junction address was admittedly their legal address or domicile. The Carl Junction address was shown on the application for insurance as Loren's home address. Harry Allen was driving Loren Allen's 1956 Chevrolet with the express permission of Loren Allen at the time of the accident. On these admitted facts the court found that Harry Allen was actually residing in the household of the named insured Loren Allen at the time of the accident, and it was admitted that at the time of the accident the automobile involved was being operated by Harry Allen with the consent of the owner, Loren Allen. The court also found that Harry Allen and Loren Allen were members of the same immediate family and that Harry Allen was "actually residing in the household of the named insured" at the time. of the accident. The findings of the trial court are presumptively correct and should not be set aside unless clearly erroneous. Rule 52 (a), Federal Rules of Civil Procedure, Title 28 United States Code.

It is argued that since Harry Allen was in the military service and simply at home on leave, he was not residing at the home near Carl Junction, Missouri, but was actually residing at the military post to which he was to return. It can scarcely be argued that he was actually residing at a military post as that could not in the nature of things constitute his permanent residence. It is conceded that his legal residence was at his old home near Carl Junction, Missouri. That was the only home he ever had but it is argued that he was emancipated from his family and home by reason of his marriage. We cannot agree. We had occasion to consider a similar contention in Johnson v. State Farm Mutual Automobile Insurance Company, 8 Cir., 252 F.2d 158, 162. The facts in that case are strikingly similar in many respects to the facts in the instant case. There the question was whether the injured party was a member of the family or household. If she were, she was not entitled to recover because of the exclusion clause in the policy. In the present case the right of recovery is dependent upon the family relation. In the course of the opinion in that case we said, inter alia:

"We think there is no merit in the contention that the marriage of the appellant emancipated her from the family group. She was but temporarily absent from the group, she established no other home, she resumed her original relation to the family group and that relation existed with slight interruption during practically all of her active life and certainly existed at the time of the accident here involved. As said in Ocean Accident & Guaranty Co. v. Schmidt, supra ([6 Cir.,] 46 F.2d [269], 270): 'In Arthur v. Morgan, 112 U.S. 495, 499, 5 S.Ct. 241, 243, 28 L.Ed. 825, the court said: "Persons who dwell together as a family constitute a 'household'." See also Poor v. Hudson Ins. Co. (C.C.) 2 F.

432, 438. We do not doubt that a son living under the parental roof is a member of the household even though he has reached his majority and supports himself * * *.'

"In that case the son had not only reached his majority but he was supporting himself, yet the court held these facts did not necessarily emancipate him from the household group."

Answering the contention that appellant was not a member of insured's family, in this same case we said:

"The word 'family' is a very flexible term. It has frequently been defined as such persons as habitually reside under one roof and form one domestic circle. Here appellant lived under the same roof as the insured and the Higdon Potters and their relations were of a permanent domestic character. Appellant had resided in this household as her home since her early childhood and she had never had any other home. The meaning to be given to the term 'family' depends to a greater or less extent on the intention of those using the term. The term 'family' or 'household' cannot be so limited and strait-jacketed as always to mean, regardless of facts and circumstances, a collective body of persons who live in one house under one common head or manager."

In the instant case the Allen brothers had never established or lived in any other home than the one occupied by them at the time of their enlistment in the military service. They had always been members of the same household.

We are of the view that the court properly held that the question as to whether or not Harry Allen was actually residing in the household of the named insured was a question of fact and we think the finding on this question is sustained by substantial evidence. The judgment appealed from is therefore affirmed.