WOLVERINE INSURANCE COMPANY,
Plaintiff-Appellee,

v.

Billy ELDRIDGE, Charles Eldridge, Loretta Eldridge and Mayme Hanlon,
Defendants-Appellants.

No. 14206.

United States Court of Appeals
Seventh Circuit.

Jan. 14, 1964.

John P. Lynaugh, Springfield, Ill., D. Edward Corcoran, Chicago, Ill., Wilson, Siebert, Lynaugh & Abney, Springfield, Ill., for defendants-appellants.

Alfred F. Newkirk, Springfield, Ill., for plaintiff-appellee, Giffin, Winning, Lindner & Newkirk, Springfield, Ill., of counsel.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Wolverine Insurance Company, brought this action in the United States District Court for declaratory judgment respecting the rights of plaintiff and defendants under an insurance policy issued by the plaintiff. Jurisdiction was based on diversity of citizenship. Plaintiff was a Michigan corporation with no principal place of business in Illinois. All the defendants were citizens of Illinois.

Leona Kunz Tex, Donald Owens, and John Graham failed to defend this action. They were held in default and the Complaint taken as confessed as to each of them.

In August, 1960, plaintiff issued its public liability policy to defendant Leona Kunz Tex (then Leona Kunz) insuring her automobile. The policy defined the "insured" as:

"* * * the unqualified word 'Insured' includes the Named Insured and, if the Named Insured is an individual, any other resident of the same household and also includes any other person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or spouse or with the permission of either or with the permission

of an adult member of the Named Insured's household other than a chauffeur or domestic servant."

The insured automobile, while occupied only by defendants John Graham and Donald Owens, with the latter driving, was involved in a collision with an automobile owned by defendant Charles Eldridge, driven by defendant Billy Eldridge, in which defendants Loretta Eldridge and Mayme Hanlon were riding. The Eldridge automobile was damaged. Billy and Loretta Eldridge, Mayme Hanlon, and John Graham suffered personal injuries.

Billy Eldridge, a minor (by his father and next friend, Charles Eldridge), Loretta Eldridge and Mayme Hanlon filed suit in the Circuit Court of Sangamon County, Illinois, against Donald Owens and Leona Kunz Tex. John Graham filed a similar suit. Demand was made on plaintiff to defend Donald Owens. Plaintiff took the position that he was not an insured under the terms of the policy here involved, and sought declaratory judgment in the District Court that plaintiff was under no obligation to defend Donald Owens or to pay any judgments which might be obtained in the suits against him.

The matter was tried by the District Judge sitting without a jury. He found that the only named insured in the policy was Leona Kunz, who was (at all relevant times) unmarried, residing by herself in an apartment separate and distinct from any other apartment, and that there was no other member of her household.

The District Judge also found that the driver Donald Owens, a brother of Leona Kunz, resided with Mr. and Mrs. Donald Prince in an apartment which was separate and distinct from that of Leona Kunz; that Leona Kunz left her automobile with the Princes for their temporary use, that John Graham obtained the keys to the automobile from the Prince apartment, and gave them to Donald Owens, who was driving John Graham on a personal errand of John Graham's when the collision occurred. The District Judge also found that Donald Owens was driving the automobile without the knowledge, consent or permission, express or implied, of the Princes, or of the owner, and contrary to the latter's express directions; that he was not the agent or servant of the owner nor engaged in any business for her.

The Court thus concluded that Donald Owens was not an insured under the terms of the policy and that the plaintiff insurance company was entitled to the judgment sought.

The appellants contend that Donald Owens was an "additional insured" legally using his sister's automobile with the permission of Mrs. Prince, another sister, in whose custody the automobile was placed by the named insured owner Leona Kunz. They also contend that Leona Kunz, the Princes, and Donald Owens, were all members of the same household so that permission to use the automobile was not actually needed. They also argue that the protective cloak of the omnibus clause is paramount to any attempted restriction between the insured and her permittees.

The appellants argue further that the District Judge erroneously applied the family purpose doctrine to the facts of this case. This theory is based on his comments at the hearing on the plaintiff's motion for judgment. The appellants infer that he assumed that the language of the "omnibus" clause in this policy provided coverage solely where the activities of the operator fell within the family purpose doctrine. We do not agree that the Judge's casual references to the family purpose doctrine are susceptible of that interpretation.

The contested issues are set out by appellants as:

"1. Were Leona Kunz, the insured, her brother, Donald Owens, and sister and brother-in-law, Marilyn and Donald Prince, all members of the same household at 415 West Second Street, Taylorville, Illinois?

"2. Did Marilyn Prince and/or Donald Prince, who had been given

custody of the insured vehicle by Leona Kunz, give permission to Donald Owens to drive the car, on the day in question, and if so, did the permission make Owens an additional assured under the Omnibus clause of the policy, in the face of an earlier prohibition made by the insured?"

■ Whether Donald Owens (who was under 21 years of age at this time) was a member of Leona Kunz's household, whether he had her permission or that of an adult member of her household, or that of another permittee to drive the insured automobile, are questions of fact. Maryland Casualty Co. v. Williams, 5 Cir., 1950, 184 F.2d 983, 985; Whitaker v. Coleman, 5 Cir., 1940, 115 F.2d 305, 306. We may not set aside the findings of fact made by the District Judge who heard the witnesses unless we find them to be clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure.

At the trial in the District Court, Leona Kunz Tex testified that she was living with her son in a 3-room house on Second Street in Taylorville, Illinois, prior to August, 1960, and that her sister Marilyn Prince was living in the country. At that time, she was allowing her minor brother Donald Owens to drive her automobile. Early in August, 1960, Leona Kunz's son went into military service. On August 29, 1960, she took out a new automobile insurance policy, the policy here in question. Although she gave no reason for her decision, she then told her brother Donald that he could no longer drive her automobile. She also told Mr. and Mrs. Prince that her brother Donald was not to drive the automobile.

She testified further that while she was still living in the 3-room house, the Princes moved into the house next door, at 415 W. Second Street. She described that house as containing two apartments. She said her sister's apartment contained two bedrooms, a front room and kitchen and had its own front and rear outside entrances; that Donald Owens moved in with the Princes, to whom he paid rent and board, that he shared a bed with one of the Prince children, keeping his clothes in a hall closet of the Prince apartment. Mrs. Prince testified that she paid $45 per month rental for her apartment and that any sums paid by Donald Owens were paid to and retained by her.

Leona Kunz Tex further testified that after her son went into service, she rented the other apartment at 415 W. Second Street making her arrangements directly with the landlord, for $20 per month rental. She described the apartment as containing a bedroom and a kitchen and as having two separate outside entrances. She testified that she gave her rental of $20 per month to Mrs. Prince for convenience to pay to the landlord when Mrs. Prince paid her own rental of $45 per month. There was a common bathroom between the two apartments which Mrs. Tex stated could be locked from either side. She took most of her meals out. Sometimes she ate with Mrs. Prince and on those occasions she sometimes brought groceries.

The Princes testified that Donald Owens sometimes slept in Leona Kunz's apartment when she was away from home. There was no evidence that he ever slept there when she was home. He made no contributions to her rent.

Mrs. Prince testified that a few days before the accident, which occurred on October 28, 1960, Leona Kunz lent her automobile to Mr. Prince. Mr. Prince had lent his own automobile to his parents. Mrs. Tex testified that she lent her automobile to him so that he could drive to work and could pick up his child at school.

She was away from home on the night of October 27, 1960. The evidence showed that shortly after she left, the Princes, their children, Donald Owens, and a cousin, John Graham, used the automobile to visit relatives. Donald Prince drove. After their return, when the Princes left the car, Donald Owens had slid over to the wheel and driven off with John Graham without any comment or warning, returning many hours later. Both Donald Owens and John Graham slept in Leona Kunz's apartment that night and both breakfasted with the Princes the next

morning. There was further evidence that John Graham had secured the keys to the automobile from the top of the Princes' television set and had asked Donald Owens to drive him on a personal errand. There is some conflict in the testimony as to conversation between the parties, but evidently Mrs. Prince did know that the keys were being taken. Appellants imply consent by Mrs. Prince from the fact that she voiced no objection. However, according to Mrs. Tex's testimony, Mrs. Prince immediately telephoned to tell her that the two young men had taken the automobile. This was the first notice Leona Kunz had that Donald Owens was driving her automobile. She, another brother, Douglas Owens, and her present husband, at once set out to look for the automobile to stop Donald from driving. They did not find him. About an hour later, Donald Owens called Mrs. Kunz from the hospital to tell her of the accident which gave rise to this action.

In support of their argument that these circumstances constituted implied permission by Mrs. Prince, appellants rely primarily on the case of Hays v. Country Mutual Insurance Company, 38 Ill.App. 2d 1, 186 N.E.2d 153 (1962). Subsequently after oral argument in this appeal, that case was reversed by the Illinois Supreme Court, Hays (Caudle) v. Country Mutual Insurance Co., 28 Ill.2d 601, 192 N.E.2d 855 (1963).

■ There is substantial evidence which, if credited by the Trial Judge, would support his findings that Donald Owens was neither a member of Leona Kunz's household nor one entrusted with authority to drive her automobile—by her or by any permittee of hers. She had expressly prohibited his driving. Mrs. Prince could not have authorized him to drive in defiance of that express prohibition. Cocos v. American Automobile Insurance Co. (1939), 302 Ill.App. 442, 445, 454, 24 N.E.2d 75; Standard Accident Insurance Co. v. New Amsterdam Casualty Co., 7 Cir., 1957, 249 F.2d 847, 853. We do not have before us a mere deviation from the terms of an express permission.

■ The burden of proving coverage as an additional insured must be borne by those who assert such coverage. Hartford Accident & Indemnity v. Shaw, 8 Cir., 1959, 273 F.2d 133, 137. We are constrained to agree with the District Court that appellants have not sustained that burden.

■ The appellants contend that Illinois public policy is opposed to allowing a private familial prohibition to defeat the remedy of innocent persons under the omnibus clause. This issue was also considered by the Illinois Supreme Court in Hays and decided adversely to appellants' view.

We have considered all other arguments advanced by the appellants, but find them lacking in merit.

The judgment of the District Court is affirmed.

Affirmed.