The AETNA CASUALTY AND SURETY
COMPANY, of Hartford, Connecticut,
a corporation, Plaintiff,

v.

Costello MEANS, Margaret Means, Jimmy Schideler, a minor, by and through his duly appointed Guardian, Max McCall and Terry Lynn Duff, Defendants.

Civ. No. 6122.

United States District Court
N. D. Oklahoma.

June 16, 1966.

---

Green & Feldman, Tulsa, Okl., Berry & Berry, Oklahoma City, Okl., for plaintiff.

Jack B. Sellers, Sapulpa, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

The Court submitted this case to the jury on a single interrogatory with the verdict based thereon. The interrogatory was: "Was Terry Lynn Duff a resident of the same household as Ermal Duff on February 21, 1960?" The answer of the jury was yes.

At the close of the evidence the plaintiff moved for a directed verdict. This motion was denied. After judgment was entered based on the foregoing interrogatory, answer and verdict the plaintiff has filed a Motion for Judgment Notwithstanding the Verdict and a Motion for New Trial. These motions are now under consideration. They have been briefed and oral arguments have been heard by the Court.

The plaintiff had issued a policy of automobile insurance to Ermal Duff, the father of Terry Lynn Duff. The policy provided coverage for the insured Ermal Duff and relatives of the insured, a relative being defined in the policy as one

who is a resident of the same household as the insured. During the term of the policy Terry Lynn Duff, son of Ermal Duff the insured, had an accident while driving a passenger automobile. If at the time of this accident he was a resident of the same household as his father the policy covered the accident. If not, the policy afforded no coverage for the accident.

By its answer the jury found, under the evidence, that Terry Lynn Duff at the time of the accident was a resident of the household of his father Ermal Duff.

■■ To grant the Motion for Judgment Notwithstanding the Verdict the Court must find and conclude that the plaintiff is entitled, under the evidence herein, to a judgment as a matter of law and that the interrogatory should not have been submitted to the jury. To grant the Motion for New Trial the Court must find and conclude that some prejudicial error occurred during the trial. Atchison T. & S. F. Ry. Company v. Hicks, 208 Okl. 689, 258 P.2d 672; Public Service Company of Oklahoma v. Sanders, Okl., 362 P.2d 90.

■ The plaintiff raises three objections in its motions or briefs supporting the same. One is that counsel for the defendants made a prejudicial argument to the jury. The plaintiff has not set out this argument in its motions or briefs but the defendants have in one of their briefs.[1] The plaintiff cites no authority in support of its contention in this regard. Objections were made to the alleged prejudicial argument of counsel for the defendants by counsel for the plaintiff. These objections were sustained by the Court. Plaintiff's counsel asked nothing further at the trial. The Court feels that no prejudice resulted to the plaintiff and this Complaint of plaintiff is without merit. Another objection raised by the plaintiff in its sec-

---

1. The alleged prejudicial argument has been brought to the Court's attention only by the following statement contained in the first brief of the defendants:

"In its brief, plaintiff make brief reference to alleged improper argument on the part of counsel for defendants. To this time, defendants have not been informed as to the particulars of such objection, or the portions of such argument which plaintiff contends are prejudicial. In order to avoid the necessity of presenting subsequent brief on this point, however, defendants have obtained a transcript of the complete arguments, of counsel and have examined the same in light of the complaint of plaintiff. Plaintiff asserts the argument of counsel for defendants was improper in that it referred to:

'* * * the death and horrible injuries received in the accident complained of; and that the trial of this law suit was the last opportunity for these defendants to be compensated for their injuries.'

Examination of the transcript of the argument of defendant's counsel discloses only the following portion thereof had any relationship whatever to the complaint now made by counsel for plaintiff:

'(Mr. Sellers) Now, ladies and gentlemen of the jury, your're the sole judges of the facts in this case and I want to tell you something. I have had the burden of representing these people for five years, after injuries sustained in an accident which—

Mr. Green: Mr. Duff was driving the other car and I say to you—I hate to butt in so much on this, but Your Honor knows that is entirely and Jack knows that is entirely out of the record. It doesn't make any difference about that situation.

The Court: Well, I agree, I have so instructed the jury. Stay with the issues in this case. Terry Lynn Duff was a resident of the household of Ermal Duff. (Tr. page 11–12)

* * * * *

(Mr. Sellers) I want to remind you this. Jimmy Shideler can't come back here when he is thirty years or forty years old or sixty years old and say to you that you made a mistake under the evidence.

Mr. Green: If Your Honor please, that is not a proper argument in this case.

The Court: Yes, I agree it doesn't have anything to do with the decision. Now, we are only concerned with the residence of Terry Lynn Duff at the time of the accident. Whether or not he was a member of the household of his father. Now, let's proceed.' (Tr. page 12)"

ond brief filed herein is to the effect that since the insurance contract involved contained a provision that: "There is no male operator of the automobile under 25 years of age resident in the Named Insured's household or employed as a chauffeur of the automobile.", that, as a matter of law, the son, Terry Lynn Duff, and his accident were excluded from coverage under said policy by virtue of this provision. It is the undisputed evidence herein that such provision has only to do with the premium rate applied and charged and if in error there is a surcharge made against the insured. This provision is contained in the policy in a portion headed "Rating Information". It is not contained in the section headed "Exclusions" nor in an endorsement to the policy. The plaintiff cites no case in support of its contention regarding this provision and its effect. The burden is on an insurer to make an exclusion clearly known. Government Employees Insurance Co. v. Ziarno, (2 Cir. 1960), 273 F.2d 645. While this provision is a circumstance to be submitted to and be considered by the jury, as it was, it is not believed that such provision conclusively controls and determines this litigation. In the absence of any evidence or law presented to this effect by the plaintiff the Court finds no merit in this complaint.

Regarding the principal contention and argument of the plaintiff, namely, that the Court should have refused to submit the case to the jury but instead should have ruled as a matter of law that the policy of insurance involved afforded no coverage to Terry Lynn Duff and his accident of February 21, 1960, it is appropriate that the evidence of the case pertinent to this point be outlined and reviewed.

The evidence favoring the position of the plaintiff was to the effect that:

1. Terry Lynn Duff was married at the time of the accident.

2. He and his wife lived in a rented partially furnished apartment at Oklahoma State University, Stillwater, Oklahoma.

3. During the summer prior to the accident Terry Lynn Duff had worked in Oklahoma City and lived with his wife in her parents' home in that City.

4. After the accident Terry Lynn Duff and wife rented an apartment at Kansas University, Lawrence, Kansas.

5. Terry Lynn Duff owned a car of his own at the time of the accident.

6. Terry Lynn Duff had a policy of insurance on his own car.

7. The policy involved herein contained a provision that there was no male operator under 25 years of age in the named insured's household.

8. Terry Lynn Duff had not been to the home of his father, the insured, since his marriage except for brief visits.

9. Terry Lynn Duff paid the utility bills at his apartment.

10. Both the insured Ermal Duff and Terry Lynn Duff, his son, testified that Terry Lynn Duff was not a resident of the household of Ermal Duff at the time of the accident.

The evidence favoring the position of the defendants was to the effect that:

1. Terry Lynn Duff was a minor.

2. Terry Lynn Duff was a student in school at the time of the accident.

3. When working in Oklahoma City the summer prior to the accident Terry Lynn Duff stated on his withholding certificate (Form W–4) that his "home address" was that of the named insured.

4. When enrolling at Oklahoma State University Terry Lynn Duff gave his "home town" as Cushing, Oklahoma (home town of his father, the named insured).

5. When applying for admission at the University of Kansas and on all records at that institution Terry Lynn Duff gave his "home address" as that of the named insured.

6. The Driver's License of Terry Lynn Duff showed his address to be that of the named insured.

7. The wife of Terry Lynn Duff on August 19, 1959, in registering a vehicle

she purchased gave her address as that of the named insured.

8. In all the Selective Service and Military records pertaining to Terry Lynn Duff he showed his "home address", "place of residence", "mailing address", and "home of record" as the residence of the named insured (some of these records were dated before and some after the date of the accident).

9. Terry Lynn Duff had a room in his father's home which was always available to him.

10. Terry Lynn Duff kept clothes in the closet of his room in his father's home.

11. Terry Lynn Duff testified that his apartments at Stillwater, Oklahoma and Lawrence, Kansas were only temporary places of abode.

12. The named insured and father of Terry Lynn Duff supported him by giving him $150.00 per month.

13. Terry Lynn Duff paid non-resident tuition at Kansas University.

14. In traffic citations and reports Terry Lynn Duff gave his address as the home of the named insured.

15. The accident involved occurred in the town of the residence of the named insured.

The Court feels under this evidence that the question of whether or not Terry Lynn Duff was a resident of the same household as the named insured at the time of the accident herein was a question of fact for jury determination. Couch on Insurance 2d, Volume 12, Section 45:276, 1965 Cum.Supp. page 22; Travelers Indemnity Co. v. Mattox, (Tex. Civ.App.), 345 S.W.2d 290; Wolverine Ins. Co. v. Eldridge (C.A.7th Ill.), 326 F.2d 748; American Service Mut. Ins. Co. v. Pugh, (C.A.8th Mo. 1959), 271 F.2d 174.

The plaintiff strongly urges that the fact that Terry Lynn Duff was married at the time of the accident should be controlling and prevent coverage herein. However, plaintiff cites no cases which say that this circumstance is controlling and conclusive in this case. The defendants cite cases and authority to the effect that it is not controlling and conclusive. Johnson v. State Farm Mutual Auto Ins. Co., (C.A.8th), 252 F.2d 158; American Service Mut. Ins. Co. v. Pugh, supra; 27 Am.Jur., Infants, Section 5, page 749.

That such circumstance of marriage cannot be conclusive and controlling should be apparent as a practical matter to anyone who has had a married son living at home or to anyone who has married and continued to live at home with his parents. Had the plaintiff wanted the fact of marriage of a relative or child to have been conclusive it could have written the same into the policy. This not being done, the rule should be applied that in a situation of this kind the policy is construed against the insurance company and in favor of coverage. Cal-Farm Insurance Co. v. Boisseranc, (1957), 151 Cal.App.2d 775, 312 P.2d 401.

It is well recognized that a son will continue to be a resident of the household of his parents even though he is absent from the household and is living in a separate structure. Cases involving such absence due to military service or away at school are legion. American Service Mut. Ins. Co. v. Pugh, supra; Raymond v. Century Indemn. Co., 264 Wis. 429, 59 N.W.2d 459; Appleton v. Merchants Mut. Ins. Co., 16 A.D.2d 361, 228 N.Y.S. 2d 442.

The motions of plaintiff are overruled. The interrogatory as answered by the jury and its verdict based thereon should not be disturbed by the Court.