382 F.2d 26
 The AETNA CASUALTY AND SURETY COMPANY OF HARTFORD, CONNECTICUT, a corporation, Appellant,
v.
Costello MEANS, Margaret Means, Jimmy Shideler, a minor, by and through his duly appointed Guardian, Max McCall, Appellees.
 No. 8873.
 United States Court of Appeals Tenth Circuit.
 August 23, 1967.
 
 W. E. Green and William S. Hall, Tulsa, Okl. (Green, Feldman & Hall, Raymond G. Feldman, Tulsa, Okl., on the brief, for appellant.
 Jack B. Sellers Sapulpa, Okl. (Joe A. Moore, Sapulpa, Okl., of counsel, on the brief), for appellees.
 Before JONES*, SETH and HICKEY, Circuit Judges.
 JONES, Circuit Judge:
 
 
 1
 The Aetna Casualty and Surety Company, the appellant, issued an automobile liability insurance policy to Ermal Duff. The policy provided, among other things, that it insured, under certain circumstances, any relative of the named insured "who is a resident of the same household." Terry Lynn Duff, a son of Ermal Duff, was driving an automobile which became involved in a collision with another car whose occupants were injured and who brought suits against Terry Lynn Duff. Terry owned a car which was insured by Aetna, and Aetna, as the insurer of Terry, defended against the actions brought by the injured persons against Terry. Judgments were entered for some and were apt to be entered for others of those who were injured. It appeared that the judgments would exceed the limits of the liability of the policy issued to Terry. Claims were made that the policy issued to Ermal Duff insured against the liability of Terry, as a relative of Ermal "who is a resident of the same household."
 
 
 2
 The appellant, Aetna, brought a declaratory judgment suit against those injured claimants who had asserted or might assert that Aetna was liable to them under the policy issued to Ermal. The case was tried to a jury. The court submitted to the jury the question, "Was Terry Lynn Duff a resident of the same household as Ermal Duff" on the date of the collision. The jury answered the question "Yes." Motions of Aetna for a judgment notwithstanding the verdict and for a new trial were made and overruled. Judgment was entered on the verdict for the defendants holding that the policy of Ermal insured against the liability of Terry for damages arising out of the collision.
 
 
 3
 Federal jurisdiction stems from diversity of citizenship. Oklahoma law governs.
 
 
 4
 There is no substantial conflict in the testimony as to the pertinent evidentiary facts. There is a big difference between the contentions of the parties as to the inferences of ultimate fact to be drawn from the established evidentiary facts. For Aetna it is urged that the question as to whether Terry was a resident of the household of Ermal should not have been submitted to a jury, but rather that the court should have decided, as a matter of law, that Terry was not a resident of his father's household and that the policy of Ermal afforded no coverage.
 
 
 5
 In its order overruling Aetna's motion for judgment notwithstanding the verdict and its motion for a new trial, the district court recounted the various evidentiary factors and attempted to place them in the scales as weighing for one or the other of the contending parties. The order recited:
 
 
 6
 "The evidence favoring the position of the plaintiff [Aetna] was to the effect that:
 
 
 7
 "1. Terry Lynn Duff was married at the time of the accident.
 
 
 8
 "2. He and his wife lived in a rented partially furnished apartment at Oklahoma State University, Stillwater, Oklahoma.
 
 
 9
 "3. During the summer prior to the accident Terry Lynn Duff had worked in Oklahoma City and lived with his wife in her parents' home in in that City.
 
 
 10
 "4. After the accident Terry Lynn Duff and wife rented an apartment at Kansas University, Lawrence, Kansas.
 
 
 11
 "5. Terry Lynn Duff owned a car of his own at the time of the accident.
 
 
 12
 "6. Terry Lynn Duff had a policy of insurance on his own car.
 
 
 13
 "7. The policy involved herein contained a provision that there was no male operator under 25 years of age in the named insured's household.
 
 
 14
 "8. Terry Lynn Duff had not been to the home of his father, the insured, since his marriage except for brief visits.
 
 
 15
 "9. Terry Lynn Duff paid the utility bills at his apartment.
 
 
 16
 "10. Both the insured Ermal Duff and Terry Lynn Duff, his son, testified that Terry Lynn Duff was not a resident of the household of Ermal Duff at the time of the accident.
 
 
 17
 "The evidence favoring the position of the defendants [the injured claimants] was to the effect that:
 
 
 18
 "1. Terry Lynn Duff was a minor.
 
 
 19
 "2. Terry Lynn Duff was a student in school at the time of the accident.
 
 
 20
 "3. When working in Oklahoma City the summer prior to the accident Terry Lynn Duff stated on his withholding certificate (Form W-4) that his `home address' was that of the named insured.
 
 
 21
 "4. When enrolling at Oklahoma State University Terry Lynn Duff gave his `home town' as Cushing, Oklahoma (home town of his father, the named insured).
 
 
 22
 "5. When applying for admission at the University of Kansas and on all records at that institution Terry Lynn Duff gave his `home address' as that of the named insured.
 
 
 23
 "6. The Driver's License of Terry Lynn Duff showed his address to be that of the named insured.
 
 
 24
 "7. The wife of Terry Lynn Duff on August 19, 1959, in registering a vehicle she purchased gave her address as that of the named insured.
 
 
 25
 "8. In all the Selective Service and Military records pertaining to Terry Lynn Duff he showed his `home address,' `place of residence,' `mailing address,' and `home of record' as the residence of the named insured (some of these records were dated before and some after the date of the accident).
 
 
 26
 "9. Terry Lynn Duff had a room in his father's home which was always available to him.
 
 
 27
 "10. Terry Lynn Duff kept clothes in the closet of his room in his father's home.
 
 
 28
 "11. Terry Lynn Duff testified that his apartments at Stillwater, Oklahoma and Lawrence, Kansas were only temporary places of abode.
 
 
 29
 "12. The named insured and father of Terry Lynn Duff supported him by giving him $150.00 per month.
 
 
 30
 "13. Terry Lynn Duff paid nonresident tuition at Kansas University.
 
 
 31
 "14. In traffic citations and reports Terry Lynn Duff gave his address as the home of the named insured.
 
 
 32
 "15 The accident involved occurred in the town of the residence of the named insured."
 
 
 33
 The recitals are supported by admissible evidence.
 
 
 34
 The appellant here urges, as it contended in the district court, that the policy of insurance issued by it to Ermal should be construed as not extending coverage to Terry, and that no jury issue was presented.
 
 
 35
 "Resident of the same household" is not a term of art. We are told that in determining the meaning of words in a contract, including a policy of insurance, the court should put itself in the place of the parties and endeavor to ascertain their intent. This is an often reiterated statement which not infrequently is chanted by court and counsel with tongue in cheek. We think it is somewhat incongruous to say that the parties, the insured and the insurer, with the latter acting through an issuing agent, and an intent as to whether, under the facts as they thereafter occurred, Terry would be regarded as a resident of the same household as Ermal and hence covered by the policy issued to him. After an accident has occurred and liability has been asserted we find injured claimants on the one hand and the liability insurer on the other asserting, as did Humpty Dumpty, that the words mean "what they choose them to mean, neither more nor less."
 
 
 36
 The Oklahoma authorities are not abundant. The Oklahoma Supreme Court has held that a person who had married a daughter of the insured and with her had established their own home was not a member of the household on returning for a temporary stay at the dwelling of the insured. Indemnity Insurance Co. of North America v. Sanders, 169 Okl. 378, 36 P.2d 271; Indemnity Insurance Co. of North America v. Lahman, 169 Okl. 380, 36 P.2d 274. See Hercules Casualty Insurance Co. v. Preferred Risk Insurance Co., 10th Cir. 1964, 337 F.2d 1. In Hardesty v. State Farm Mutual Automobile Insurance Co., 10th Cir. 1966, 361 F.2d 176, this court held, applying Oklahoma law, that an insured under an automobile liability policy could legally maintain more than one household. So, we think, a married son might be a member of his father's household and at the same time be the head of his own household.[1] In American Service Mutual Insurance Company v. Pugh, 8th Cir. 1959, 271 F.2d 174, it was pointed out that the marriage of a child does not, of itself and in all events, remove him from his father's household, even though the child be self-supporting.
 
 
 37
 There are many cases where a contract of insurance may be construed as a matter of law and the question of liability vel non decided as such by the court. There are other cases where there is a conflict in the evidence or where different inferences are permissible under uncontroverted evidentiary facts. In the latter kind of situations the issue is a fact issue and one which is properly submitted to a jury. Hardesty v. State Farm Mutual Automobile Insurance Co., supra; American Service Mutual Insurance Co. v. Pugh, supra; 46 C.J.S. 643, Insurance § 1373, p. 643.
 
 
 38
 As the district court has pointed out, there are factors in this case pointing each way. The question as to the inferences to be drawn presented a fact issue. It was properly submitted to the jury. The judgment of the district court is
 
 
 39
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Fifth Circuit, sitting by designation
 
 
 [1]
 
 Daughter am I in my mother's house;
But mistress in my own.
 Kipling, Our Lady of the Snows.