Leonard SENN, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1956.

C. Maxwell Brown, Louisville, for appellant.

Edward J. Hogan, Joe H. Taylor, Louisville, for appellee.

CAMMACK, Judge.

The appellant, Leonard Senn, procured a judgment for $2,640.10 against his brother, Elmer Senn, for injuries received in an automobile accident caused by the latter's negligence. Elmer was insured under a liability policy issued by the State Farm Mutual Automobile Insurance Company (hereinafter referred to as the Company). The Company refused to defend the prior suit and did not pay the resulting judgment, relying upon an exclusion contained in the policy which disclaimed liability for bodily injuries suffered by the insured or certain members of his family. Leonard then instituted this action against the Company. No question of the Company's duty to defend is involved in this case.

The Company made a motion for summary judgment, supported by depositions of the appellant, his mother, father, and his brother, Elmer. The trial court concluded that no genuine issue of material fact was presented and that the Company was entitled to judgment as a matter of law, and therefore sustained its motion for a summary judgment. The appeal is taken from that order.

The exclusion relied upon by the Company specifically excluded any liability for bodily injuries received by the insured or "any member of the family of the insured residing in the same household of the insured." The undisputed facts show that Elmer took out the policy while he was in military service. At the time of the accident he was on furlough, visiting the home of his mother and father, in Louisville. Leonard was then living in their home.

Prior to entering service Elmer lived at his parents' home, except for a few months when he worked on his cousin's farm at Valley Station. Thereafter he returned to his parents' home. Three months later he entered the Air Force. After his discharge from military service he returned to his parents' home, and had resided there continuously until the time this action was filed. His affidavit stated that he had been emancipated about eight years, and during that time had been paying board to his parents.

Leonard stated that he was living with his mother and father at the time of the accident. He had lived there since his discharge from the Army. Except for an eight month period spent on his cousin's farm, he had lived there prior to his military service. He stated that both he and Elmer paid board and supported themselves. While living at their parents' home, prior to their military service, the brothers shared the same room.

There is no doubt that at the time of the accident in which Leonard was injured he was residing in the same household as Elmer, the insured, unless the latter was no longer a member of that household by reason of the fact that he was then in active military service. We think the facts show that Elmer was only temporarily absent from the family group. His absence was never accompanied by an intent to change permanently his residence or his home, and he returned immediately to the household upon the cessation of his military duties. In addition, the insured (Elmer) was residing in that household at the time of the accident. Hence, his temporary absence therefrom for short periods, both before and after the accident, does not alter the conclusion that, at that time, he was residing in the same household as was the appellant, the member of his family who was injured.

Therefore, the trial court properly entered judgment in favor of the Company.

The judgment is affirmed.