DANIEL L. APPLETON, Plaintiff, *v.* MERCHANTS MUTUAL INSURANCE COMPANY, Defendant.

Fourth Department, May 17, 1962.

*Moses M. Falk* and *Sheldon Fried* for plaintiff.

*Gleason, Fitzpatrick, O'Connor & O'Brien* (*Louis L. O'Brien* of counsel), for defendant.

WILLIAMS, P. J.  We are asked to determine a question of law upon an agreed statement of facts submitted to us under sections 546 and 547 of the Civil Practice Act.

The defendant issued a "Family Automobile Liability Insurance Policy" to one Thomas Bogardus.  The policy contained an uninsured motorist indorsement.  By the terms of the indorsement the defendant agreed to pay all sums which the "insured" would be legally entitled to recover as damages from the owner or operator of an uninsured vehicle because of bodily injuries sustained by the "insured."  The term "insured" is defined in the indorsement as "the named insured as stated in the policy and any person * * * while residents of the same household, the spouse of any such named insured and relatives of either".  Thomas Bogardus was the only insured named in the policy.

The plaintiff was a stepson of Bogardus and resided with him and plaintiff's mother at Ovid, New York, until January of 1957 when he enlisted in the regular Army of the United States for a period of three years.  When the plaintiff left for the armed forces he was single and a relative residing in the Bogardus household.  While in military service he was at all times quartered in military barracks which were used in common with other military personnel and which were assigned to him by his senior officers.

In July of 1957 he was assigned to a military unit stationed in Hawaii.  On November 2, 1957, and while the policy was in force, plaintiff received personal injuries in an automobile accident.  When he was injured he was a passenger in an uninsured automobile, the operator of which was legally liable to him because of the accident.  At that time he was under the age of 21 years.  After he was discharged from service he returned to the Bogardus household and there resided until he was married.

The defendant has denied the plaintiff's claim for benefits under the uninsured motorist indorsement on the ground that he was not an "insured" under the terms of the indorsement at the time of the accident. The basis of this contention is that he was not a "resident of the household" of the named insured at that time.

Thus, the question presented to us is whether plaintiff's physical absence from the household excepts him from coverage as an "insured."

The argument of the defendant, reduced to its simplest terms, is that in order to qualify as a "resident of the household" within the meaning of the indorsement, a person must at least dwell under the same roof as the named insured at the time of the accident. The only New York authority, precisely in point, which has come to our attention is an unreported Special Term decision (*Allstate Ins. Co.* v. *Jahrline,* Supreme Court, Sullivan County, decided April 7, 1960). That decision is in accord with the defendant's contentions. Out-of-State cases cited by defendant, when read with a view of the legal theory involved, rather than the result reached, favor the plaintiff.

It is a basic canon of construction that when called upon to interpret clauses of insurance policies, the courts will give to the language a construction most favorable to the insured (see 13 Appleman, Insurance Law and Practice, § 7401; this section is well supported by numerous New York cases). A corollary of this canon is that if the words used are capable of more than one reasonable interpretation, one of which would result in coverage and another not result in coverage, then the court will adopt the construction resulting in coverage (*id.* p. 81). This does not necessarily mean the courts will adopt a forced or unreasonable construction in order to effect coverage.

Defendant admits in its brief that while in service plaintiff continued as a member of the family of the insured and that his legal residence and domicile remained with his stepfather, the named insured, and with his mother. We do not accept this as an admission of fact for we may not do so under a submission such as this (*Cohen* v. *Manufacturers Safe Deposit Co.,* 297 N. Y. 266, 269; *Martin* v. *Martin,* 5 A D 2d 307; *Satz* v. *Crimswal Realty Corp.,* 286 App. Div. 1023; *Capasso* v. *Square Sanitarium,* 285 App. Div. 1131; *Graham* v. *East 88th St. Corp.,* 282 App. Div. 754; *Matter of Gorman's Restaurant* v. *O'Connell,* 275 App. Div. 166). However, these concessions by defendant as to plaintiff's legal status narrow the problem considerably to the basic question, as we have said, whether plaintiff must have dwelled in the household at the time of the accident. It centers the legal problem on physical presence.

We find that the plaintiff was a resident of the household and therefore an insured within the meaning of the policy at the time of the accident. One fact stands out clearly. He had never established another legal residence of any kind since he left the household. On the other hand, his "physical" resi-

dence, that is, where he slept, ate and received mail, was his army barracks in Hawaii. If mere physical presence is sufficient to establish a residence, without more, one could change his residence by taking a vacation.

As indicated by us and the briefs of both parties, there is a dearth of cases in New York interpreting the phrase in question. *Allstate Ins. Co.* v. *Jahrline* (*supra*) is not persuasive. That was a declaratory judgment action brought by the insurance company to determine its liability to the estate of one Charles Zornow, under a policy issued to his mother, which contained an uninsured motorist clause identical to the one in the present case. Zornow was born in November, 1937 and had lived all his life with his mother until January of 1955, at which time he enlisted in the Navy. In August of 1957, he was driving a motorcycle en route home on leave from Key West, Florida, to Wurtsboro, Sullivan County, New York. He was in an accident in Bowling Green, Virginia, and was killed. The driver of the car involved was uninsured. His mother, as administratrix of his estate, sought to recover against her insurance company under the uninsured motorist clause. As in the present case, the question was whether Zornow was a " resident of [her] household " at the time of the accident.

Justice ELSWORTH held that he was not a resident of the household at the time of the accident on the theory that " residence " involves at least bodily presence. He stated: " Such policy insures relatives while residents of the household. The language used is both clear and plain and is not fraught with ambiguity. Zornow was not a resident of the household at the time of the accident on August 17, 1957. Residence involves at least bodily presence, and to be a resident of the household involves minimally a living together in the same house. If the policy had provided for coverage of *members* of the household as distinguished from ' *residents* ', Zornow might then have been covered. Nor did he attain a resumption of residence by starting from Key West to Wurtsboro. If Zornow had reached home and a like accident had happened in the interval that he was there on leave it may well be that he would have been covered. The issue here presented while perhaps a somewhat close one must be resolved in favor of plaintiff.''

Looking to other jurisdictions, research has revealed no case precisely in point. There are, however, a number of insurance cases in other jurisdictions which have interpreted the phrase " resident of the household " and similar phrases, but in a different context. A fair generalization of their import was succinctly stated in *Cal-Farm Ins. Co.* v. *Boisseranc,* 151 Cal.

App. 2d 775, 781, 782: "While the cases do not all appear consistent, it can generally be stated that, insofar as the cases involve insurance policies, they can be roughly divided into cases involving policies excluding from coverage of the policies members of the insured's household, and those extending coverage to such persons. Both attempt to apply the rules of construction above discussed. As a result, in the extension cases the questioned terms ,are broadly interpreted, while in the exclusion cases the same terms are given a much more restricted interpretation. This is necessary because in both situations the courts favor an interpretation in favor of coverage."

The cases cited by the insurer fit into the category of exclusion cases, namely, where a resident of the household is excluded from coverage. On the facts of many of them, the courts have held various individuals not to be "residents" of the household (e.g., *Island* v. *Fireman's Fund Ind. Co.*, 30 Cal. 2d 541; *Lumbermens Mut. Cas. Co.* v. *Pulsifer,* 41 F. Supp. 249). There are of course exceptions to this general trend, as when a person is held to be a resident of the household and coverage is denied on the theory that to hold otherwise would open the doors to collusion (e.g., *Tomlyanovich* v. *Tomlyanovich,* 239 Minn. 250; *State Farm Mut. Aut. Ins. Co.* v. *James,* 80 F. 2d 802; see, also, *Senn* v. *State Farm Mut. Ins. Co.,* 287 S. W. 2d 439 [Ky.]; *Rathbun* v. *Ætna Cas. & Sur. Co.,* 144 Conn. 165).

Cases representative of the finding that one is a resident of the household for purposes of upholding coverage are numerous (see, e.g., *American Serv. Mut. Ins. Co.* v. *Pugh,* 271 F. 2d 174; *Cal-Farm Ins. Co.* v. *Boisseranc, supra*; *Mazzilli* v. *Accident & Cas. Ins. Co.,* 35 N. J. 1). There are also a number of cases which deal with the question of coverage when there is a temporary absence such as a son in the service or away at college. While the language of the policies in these cases is slightly different from that in the present case, the principle remains the same (see, e.g., *Barker* v. *Iowa Mut. Ins. Co.,* 241 N. C. 397; *Central Mfrs. Mut. Ins. Co.* v. *Friedman,* 213 Ark 9; *Mississippi Benevolent Assn.* v. *Majure,* 201 Miss. 183). Also, in some of them, the precise legal theory used by the court is not clear, aside from construing the phrase in question in favor of coverage. However, what is clear is that, where the absence from home is a temporary one, the courts have declined to require that the person seeking coverage dwell under the same roof at the time of the accident to be a "resident of the household" or "member of the family" to come within the meaning of some other similar phrase to effect coverage.

There is no doubt that in the present case the physical absence of plaintiff from the family home was temporary. In the present state of world affairs, there are few families which do not at sometime have children temporarily absent serving their country. Many families also have children temporarily away at college or on vacation trips. These are everyday facts of life of which insurance companies are, or should be, cognizant when writing policies; this is especially true when they label and sell them as "Family" policies. Restriction of coverage could have been stated very simply, if that was the intent of the draftsman.

Judgment may be entered declaring that plaintiff was a relative, resident of the Bogardus household, at the time of the accident in question and that his personal injuries are covered by the policy.

BASTOW, GOLDMAN, HALPERN and MCCLUSKY, JJ., concur.

Submitted controversy unanimously determined in favor of plaintiff, without costs.