211 So.2d 587 (1968)
FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a Washington Corporation, Appellant,
v.
Jean Ann DEVINE and Allstate Insurance Company, an Illinois Corporation, Appellees.
No. 7282.
District Court of Appeal of Florida. Second District.
May 17, 1968.
Rehearing Denied July 9, 1968.
Grimes, Grimes, Goebel, Parry & Blue, Bradenton, for appellant.
Icard, Merrill, Cullis & Timm, Sarasota, for appellee, Jean Ann Devine.
*588 Paderewski, Cramer, Robinson, Ginsburg & Ross, Sarasota, for appellee, Allstate Ins. Co.
LENFESTEY, JAMES A., Associate Judge.
This is a suit for a declaratory decree which seeks determination of rights with respect to uninsured motorist coverage under automobile insurance issued with an endorsement excluding drivers under the age of 25 years.
On January 1, 1964, the appellee (hereinafter referred to as plaintiff), Jean Ann Devine, on that date under 25 years of age, was operating an automobile owned by one John Wimbish, who was an occupant of the automobile at the time. Mr. Wimbish was an insured of appellant (hereinafter referred to as defendant), First National Insurance Company of America.
This vehicle was struck by an automobile owned and operated by Esther Irene Veals and the plaintiff suffered personal injuries as a result of this collision.
Esther Irene Veals had been insured by Allstate Insurance Company for the period January 25, 1962 to January 25, 1963. No premium for renewal of the policy for the succeeding year had been paid, and no other automobile insurance coverage purchased.
Plaintiff made Allstate Insurance Company a party defendant in her suit.
The lower court found the following:
1. Allstate Insurance Company had no automobile liability insurance covering Esther Irene Veals in force on the date of the collision and Esther Irene Veals was an uninsured motorist.
2. The negligence of Esther Irene Veals was the sole cause of the accident.
3. The plaintiff was insured under the terms of the policy of the defendant, First National Insurance Company of America, at the time of the accident and is entitled to recover for bodily injury under the uninsured motorist provision of that policy.
On this appeal the defendant, First National Insurance Company of America, challenges the first and third rulings of the lower court as we have summarized them.
This court will consider the questions in the same order established by the trial court's findings.
On the matter respecting the position of Allstate Insurance Company hereunder, we find that no contract existed between said Allstate and Esther Irene Veals at the time of the accident. The previous coverage had expired over 11 months prior to the collision in question, and the evidence clearly shows that neither Allstate nor Esther Irene Veals believed current coverage existed at the time of the collision. When the situation arises where there are no prime parties to a purported contract, there cannot be, in our judgment, secondary parties or third parties or strangers, if you will, who can seek benefits under this non-existent contract.
No party to this appeal has disputed the lower court's finding with respect to Esther Irene Veals' negligence being the sole cause of the collision and injury. This fact is noted here for the reason that it forms the base for our holding on the next point.
The automobile insurance policy written by the defendant, First National Insurance Company of America, giving coverage, including uninsured motorists protection, to John Wimbish carried with it an endorsement reading in part:
"Notwithstanding any contrary provision in the policy, insurance for bodily injury liability and property damage liability shall not apply to any person under the age of 25 who is not a member of the *589 named insured's family, related by blood, marriage or adoption."
The position taken by courts of this State, and by courts of other States, makes it clear that restriction upon the coverage provided by uninsured motorists provisions of automobile insurance policies is against public policy and is void. Nat'l Automobile Insurance Assoc. v. Brumit, Fla. 1957, 98 So.2d 330; Sellers v. United States Fidelity & Guaranty Co., Fla. 1966, 185 So.2d 689; Travelers Indemnity Co. v. Powell, Fla.App. 1968, 206 So.2d 244; Butts v. State Farm Mutual Automobile Insur. Co., Fla.App. 1968, 207 So.2d 73: Tuggle v. Government Employees Insur. Co., Fla. 1968, 207 So.2d 674; Linkens v. Furman, 1964, 52 Ill. App.2d 1, 201 N.E.2d 645; Hendricks v. Meritplan Insurance Co., 205 Cal. App.2d 133, 22 Cal. Rptr. 682; Mission Insurance Company v. Brown, 1965, 47 Cal. Rptr. 363, 407 P.2d 275.
The Florida Legislature, in enacting Section 627.0851, F.S.A., providing for the purchase of protection against uninsured motorists, did intend to enact an effective law. We must, then, avoid a construction which would defeat the intended operation of the statute.
We also have the duty, in defining public policy, to follow the obvious dictates of logical reasoning. If the purpose of uninsured motorist insurance is to indemnify an innocent party against injury which might be caused by a wrongdoer, then the age of the innocent party is not a factor in the cause of the injury. In the instant case the plaintiff's age was neither a cause nor an effect in the collision any more than was her size or her occupation or her gender. The statute does not contemplate a piecemeal whittling away of liability for injuries caused by uninsured motorists. We, therefore, find that the owner of the vehicle involved herein was entitled, when he paid the premium for uninsured motorist protection, to coverage for himself and any licensed person driving with his permission who might be injured by another vehicle driven by an uninsured tort-feasor.
The provisions of Section 627.0851, Florida Statutes, F.S.A., are mandatory. It provides that:
"No automobile liability insurance * * shall be delivered or issued for delivery in this state * * * unless coverage is provided * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *".
A restrictive endorsement limiting coverage to drivers over 25 would operate to defeat the purpose of this statute. These mandatory provisions are a part of every policy and require that policy provisions in derogation thereof will not be given effect in this State.
The plaintiff has filed with this court a petition seeking to have attorneys' fees on appeal adjudged against the insurer. Florida Statutes, Section 627.0127, F.S.A., in effect at the time this suit was filed, granted to the trial court the authority to decree attorneys' fees against the insurer as a part of the damages. That statute made no provision for an allowance of attorneys' fees for defense of a judgment on appeal. Boston Insurance Company v. Smith, Fla.App. 1963, 149 So.2d 68. The amendment to this statute did not become effective until July 25, 1967 and is not applicable here.
This cause has come before this court on the question of liability only; the matter of damages having been, by agreement, reserved pending this appeal. Attorneys' fees as provided by the statute will be determined and added to the plaintiff's damages and assessed against the insurer, First National Insurance Company of America, by the trial court.
*590 The decision of the trial court is affirmed and the cause is remanded for determination of damages and assessment of attorneys' fees for plaintiff's attorneys for work done in the trial court.
LILES, C.J., and ALLEN, J., concur.