SPECTOR, Chief Judge.
Appellant, a student at Gainesville High School, was charged and convicted by a jury with the offense of robbery committed upon a fellow student. The robbery occurred on a school bus while students were being bussed from school to their homes.
The evidence adduced at the trial supported a finding that while the robbery was for only $6.00, it was committed at knife-point. The knife was wielded by appellant’s companion, a juvenile, in what the evidence indicates was a joint venture by the two “school bus bullies” to separate their involuntary fellow passengers from their money. In addition to threat of harm to the victim in the robbery charged, there was also evidence of a like threat made against another passenger’s throat.
Among the several points for reversal raised by appellant is the claim that the trial court committed error by failing to instruct the jury with respect to appellant’s defense theory that the money demanded from his victim was in reality property of appellant. We have reviewed the standard jury instructions given by the trial court and they appear to us to adequately cover the law applicable to the evidence and reasonable inferences adducible therefrom. Additionally, appellant contends that it was error to admit into evidence testimony concerning an assault by appellant on another student as well as evidence that appellant had demanded and obtained money from other passengers on the bus. This point has no merit. It seems clear that evidence of those separate crimes is relevant to the issues in this case since it tends to prove a common denominator between the robbery appellant was tried for and other similar conduct toward others at or about the same time and place as the crime charged. This is particularly so in view of appellant’s contention that the money he took from his victim was in actuality his own and not that of the victim. The evidence of such collateral crimes falls squarely within the principles enunciated by the Court in Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
Our review of the remaining points raised by appellant convinces us that they are without merit. Accordingly, we must affirm the judgment reviewed herein.
While we must affirm the judgment of conviction because the appellant has failed to demonstrate reversible error, we nonetheless are constrained to comment upon the penalty imposed upon appellant for his conduct. Reduced to its simplest statement, appellant, an 18-year-old boy, was sentenced to a 15-year term in prison for having committed a $6.00 robbery. Fifteen years is a high price indeed for a paltry $6.00. Yet, the gist of the crime of robbery is not the amount taken from the victim but rather the assault with a deadly weapon or a weapon capable of causing grave harm should the victim stand his ground and resist. In the case at bar, perhaps appellant’s conduct can be termed even more aggravated, and thus cause for public concern, because it occurred in a school bus filled with children of tender years who have been blindly thrown into a situation where it is virtually impossible for them to receive the protection from the terrorists among them that they so direly need.
Nonetheless, since the sentence imposed is within the maximum penalty provided by Section 813.011, this Court must affirm the sentence under the authority of *903 Stanford v. State, 110 So.2d 1 (Fla.1959), in which the court adhered to the principle that if a trial court imposes a sentence that is within the limits defined by statute, the only relief is before the state parole authorities.
Affirmed.
RAWLS and JOHNSON, JJ., concur.