362

Georgia BALL, Plaintiff,

v.

The AETNA CASUALTY AND SURETY COMPANY and the Standard Fire Insurance Company, Defendants.

No. 1645.

United States District Court,
E. D. Kentucky,
Covington Division.

Jan. 23, 1973.

A. J. Jolly, Newport, Ky., for plaintiff.

Laurence Grause, Covington, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

On August 3, 1967, the defendants issued a "property floater policy" to Glenn F. Ball, the plaintiff's former husband, covering

> "(p)ersonal property owned, used or worn by the persons in whose name this policy is issued and members of the Assured's family of the same household, while in all situations, except as hereinafter provided."

On a separate page of this policy, styled "schedule", is a typewritten list of items and their "values"; according to the plaintiff, the objects noted on this list were valued by an appraiser at the direction and in the presence of defendants' agent. Several items included in

this list subsequently disappeared from the address indicated on the policy. During this period, plaintiff and her husband had been experiencing marital difficulties, and on the date of the disappearance, Mr. Ball was staying in a Cincinnati hotel. Demand upon the insurers was made and payment refused, whereupon this diversity action was commenced. Service was made on the foreign defendants through the Kentucky Commissioner of Insurance pursuant to KRS 304.3–230. Plaintiff has filed a motion for summary judgment and the record is before the court for decision.

Defendants base their refusal to honor the plaintiff's demands upon two grounds: (a) Plaintiff was not part of the insured's household by reason of their marital problems, separation and eventual divorce; (b) The values noted on the "schedule" do not necessarily reflect the true worth of these items and compensation, if any, should be only for their actual cash value.

Since Rule 56(c) of the Rules of Civil Procedure precludes summary judgment where a question of fact exists, an examination of these issues must focus upon determining whether their resolution depends upon factual considerations beyond the proper scope of this rule.

Considerable attention has been devoted to defining "household" as it relates to insurance coverage; superficially, the answers emerging from these attempts have varied. While the facts of the case are significant, the scope of the insured's "household" is measurable primarily by the intent of the parties as reflected by these facts. The Seventh Circuit, examining the effect of marital problems and separation upon the scope of "household", has held that

> "the important and perhaps controlling feature in situations of the instant character is the intent possessed by the departing member of a family." Neidhoefer v. Automobile Insurance

Co. of Hartford, Conn., 7th Cir., 182 F.2d 269, 273 (1950).

Relying on statements made by the departed wife clearly indicating her intention to effect a permanent separation, Neidhoefer held that the insured's "household" had been severed. The lack of cohabitation is conclusive only when coupled with an intent to terminate the relationship.

The Kentucky Court has addressed itself to the meaning of "household" in dealing with an automobile policy. While its importance is diminished because of the type of insurance involved, it is noteworthy that one of the factors considered was the intent of the parties. Senn v. State Farm Mutual Automobile Insurance Co., 287 S.W.2d 439 (Ky. 1956).

Courts have been hesitant to resolve questions of intent by means of summary judgment; "(w)here state of mind is to be measured it cannot be resolved on summary judgment." Riley-Stabler Construction Co. v. Westinghouse Electric Corp., 5th Cir., 401 F.2d 526, 527 (1968); see also 3 Barron and Holtzoff, Federal Practice and Procedure (Wright rev.) Section 1232.2. As noted in Consolidated Electric Co. v. United States, 9th Cir., 355 F.2d 437 (1966), a correct resolution of an issue of this nature depends largely upon an opportunity to observe the demeanor of the witnesses:

> "When an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment . . . It is important, and ordinarily essential, that the trier of fact be afforded the opportunity to observe the demeanor . . . of a witness whose subjective motive is at issue." Id. at 438–439.

Factual matters, such as attempted reconciliation, pendency of a divorce action, frequency and duration of absences from home, and financial responsibility are significant as they re-

flect the parties' claimed intent. Had the affidavits clearly and without conflict revealed the affiants' intent, a contrary holding might be warranted. In view of the different interpretations placed upon the facts of this case, summary judgment should not be granted on this issue.

■ The second area of disagreement concerns the amount of compensation payable in the event that this loss is found covered by the policy. Plaintiff claims that this is a "valued" policy and that the valuations found in the annexed "schedule" are binding upon the insurer. It is defendants' position that this is an "open" policy: its liability, if any, is limited to the actual cash value of the missing items.

A "valued" policy has been defined as "one which places a valuation upon the underwritten property by way of liquidated damages for the purpose of avoiding a subsequent valuation of the property in case of loss." Gerhard v. Boston Insurance Co., E.D.Pa., 99 F. Supp. 247, 250 (1951).

Holding that summary judgment for the insured was required, the court in American Insurance Co. v. Gentile Bros. Co., 5th Cir., 109 F.2d 732 (1940), found that a "valued" policy was clearly indicated by the terms of the contract:

"If there is anything in the policy which clearly indicates an intention on the part of the insurer to value the risk and loss, in whatever words expressed, the policy is valued." Id. at 735.

There, citrus yields were insured for a precise amount per unit and the premiums were calculated on the basis of this fixed amount. Summary judgment was also supported by relatively unambiguous policy language and the absence of counteraffidavits.

■ Admittedly, some aspects of plaintiff's policy, as well as the annexed schedule, indicate an intention to create a "valued" contract: there is little language pertaining to the method of valuing property; coverage is divided into "scheduled" and "nonscheduled" losses, with limitations applying only to nonscheduled items; the amount allocated to the "scheduled" category is equal to the sum of the individual valuations attached to these items; some interest in a prior attachment of value is revealed by the appraisal. These factors, however, are not conclusive in the absence of unambiguous policy terms reflecting a "valued" policy. The appraisal and incorporation of a schedule does not necessarily indicate a "valued" policy, since there are a number of other reasons why the insurer would want such information. There has been no allegation in the case at bar that the premiums were based directly upon the appraised values, as was the case in American Insurance Co., supra.

■ While it is preferable that the identification of contractual obligations be confined to the document itself, any ambiguity requires an analysis of the surrounding circumstances as they reflect the parties' intent—a question of fact which should not be settled by summary judgment. Cram v. Sun Insurance Office, Ltd., 4th Cir., 375 F.2d 670 (1967). The case at bar is of the type contemplated by the Sixth Circuit in advising a restrained use of summary judgment.

"(W)hile such a judgment wisely used is a praiseworthy and timesaving device, yet such prompt dispatch of judicial business is neither the sole nor the primary purpose for which courts have been established, and that a party should not be deprived of an adequate opportunity to fully develop his case by witnesses and a trial, when the issues involved make such procedure the appropriate one." S. J. Groves & Sons Company v. Ohio Turnpike Commission, 6th Cir., 315 F.2d 235, 237 (1963).

An order will be entered overruling plaintiff's motion for summary judgment.