289 So.2d 748 (1974)
Howard Leon JOHNSON, Appellant,
v.
AUTO-OWNERS INSURANCE COMPANY, Appellee.
No. T-366.
District Court of Appeal of Florida, First District.
February 14, 1974.
*749 Fredric G. Levin, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellant.
William H. Clark, Jr., of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellee.
JOHNSON, Judge.
Appellant herein seeks reversal of a summary judgment entered in favor of appellee in a suit in which appellant sought to recover under the uninsured motorist provision of a policy issued to appellant by appellee.
The only question for our determination is whether an insurer can exclude uninsured motorist coverage when the insured is involved in an accident with an uninsured motorist while operating a vehicle owned by the insured, but not described in the policy of insurance. By its final summary judgment, the lower court held that the exclusion clause in question, which provided that there is no uninsured motorist coverage when the insured is riding in a vehicle owned by him but not described in the declarations attached to the policy, was a valid exclusionary clause in Alabama. We reverse.
The facts of this case are not in dispute. In August of 1972, appellant purchased an automobile liability insurance policy issued by appellee from an agency in Alabama. The only vehicle described in the policy was a 1962 Pontiac. Appellant paid for uninsured motorist protection, but attached to the policy was an endorsement which provided in pertinent part as follows:
"In consideration of the premium at which this policy is written, it is agreed that Coverage D-Uninsured Motorist shall not apply to any bodily injury to an insured sustained while in, upon, enternot described in the Declarations ating or alighting from any motor vehicle tached to this policy and that is owned by the named insured ..."
On September 7, 1972, appellant purchased a motorcycle in Pensacola, Florida. On the same date, he was injured in an accident in Escambia County, Florida, said accident being caused by the negligence of an uninsured motorist. Appellant then filed suit against appellee seeking to recover under the uninsured motorist provision of the policy. The appellee moved for summary judgment on the ground that appellant was not entitled to recover because he was, at the time of the accident, upon an owned motor vehicle that was not described in the declaration page of the policy. The appellant contended that the exclusionary clause of the policy was void as being contrary to the public policy of both the State of Florida and the State of Alabama. The trial court determined that the laws of the State of Alabama would apply in regard to whether the exclusionary clause was valid and then determined that the Alabama courts would uphold the exclusion clause and would not permit recovery by the insured against the insurer. Appellee's motion for summary judgment was granted and this appeal results.
First, we feel that the trial court erred in holding that the law of the State of Alabama would apply as to the validity of the exclusionary clause in question. Even though the policy was issued by an Alabama insurance agency, we note that the address listed for appellant on the application form is "Route 1, Century, Escambia, Florida 32535 (In Alabama)," and that said application form also lists Pensacola, Florida, as the location of appellant's employer. The policy itself lists appellant's address to be "Route 1, Century, Florida 32535." It is also to be noted that the appellee was authorized to do business in Florida and that the accident itself occurred in Florida. With these facts in mind, and especially the fact that this was an automobile insurance policy and appellee had knowledge that appellant travelled and worked in Pensacola, Florida, we find that Florida had ample contacts with the *750 insured to apply the law of Florida. See Clay v. Sun Insurance Company, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229 (1964). We hasten to point out, however, that it is our conclusion that the exclusionary clause in this instance is void as being against public policy, whether the law applied is that of Florida or Alabama.
In Florida, the law is clear as to uninsured motorist coverage exclusionary clauses relating to vehicles owned by the insured. In Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), the Florida Supreme Court held an exclusion clause similar to the one now under consideration to be contrary to the uninsured motorist statute. That Court recognized the public policy of this State to be that every insured is entitled to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance. Just as the age of the innocent party is not a factor in the cause of the injury, First National Insurance Company v. Devine, 211 So.2d 587 (Fla.App. 2nd, 1968), neither is the innocent party's mode of transportation a factor. In conclusion, the Mullis decision, supra, held that the insured would be covered by uninsured motorist liability protection
"whenever he is injured while walking, or while riding in motor vehicles, or in public conveyances, including uninsured motor vehicles (including Honda motorcycles) owned by a member of the first class of insureds. Neither can an insured family member be excluded from such protection because of age, sex, or color of hair... . [The uninsured motorist statute] was enacted to provide relief to innocent persons who are injured through the negligence of an uninsured motorist; it is not to be `whittled away' by exclusions and exceptions." 252 So.2d at 238.
Also see Government Employees Insurance Company v. Smith, 257 So.2d 901 (Fla. App.1st, 1972), and Salas v. Liberty Mutual Fire Insurance Company, 272 So.2d 1 (Fla. 1973). Thus it is clear that if Florida law is to be applied, and we think it is, the exclusionary clause now under consideration is void as being against the public policy of this State.
However, we also think that even if Alabama law were controlling in this instance, the courts of Alabama would hold the present exclusionary clause to be void. The Uninsured Motorist statutes of Alabama are the same in all material respects as Florida's statutes. While Alabama has not ruled on whether the present type of clause is or is not a valid exclusion, it has recognized the judicial hostility toward various limitations and exclusions expressed in some policy endorsements to uninsured motorist clauses. Alabama courts have further realized that the purpose of uninsured motorist statutes is to enable Alabama citizens to obtain the same protection against injury or death at the hands of an uninsured motorist as they would have had if that motorist had obtained for himself the minimum liability coverage required by law. Higgins v. Nationwide Mutual Insurance Company, 282 So.2d 295 (Ala.App., 1973); Safeco Insurance Co. of America v. Jones, 243 So.2d 736 (Ala. 1970). Thus, it is clear that the public policy of Alabama is the same as that of Florida with regard to uninsured motorist coverage and protection. It is our opinion that had this cause come before the courts of Alabama, those courts would follow the rationale of the Florida Mullis decision, supra, and hold the instant exclusionary clause invalid. We are aware of the decision in Lammers v. State Farm Mutual Automobile Insurance Company, 261 So.2d 757 (Ala.App., 1972), which held a "household exclusion clause" applicable to the uninsured motorist provision in the policy. However, we feel that that case is distinguishable in that it turned on the judicial policy in Alabama that insurance companies may by appropriate exclusions and definitions protect themselves from "friendly family lawsuits." And, as was stated in the Alabama Higgins case, supra, the Lammers case, does not "approve any other exclusion by definition from the uninsured provisions of *751 a policy other than that therein involved." 282 So.2d at 301.
For the reasons stated herein, the summary judgment entered in favor of appellee is reversed and this cause is remanded for further proceedings consistent with the view expressed herein.
Appellant has also petitioned this Court to award a reasonable attorneys' fee pursuant to Florida Statute, § 627.428(1), F.S.A. By response, appellee contends that appellant is not entitled to an award of attorneys' fees because the insurance policy in question was neither issued for delivery in Florida nor delivered in Florida, F.S. § 627.401(2), F.S.A. It is our feeling that the issue of whether the policy here under consideration was delivered in Florida is a proper question for the determination of the trial court, and we therefore direct the trial court to consider the motion to assess attorneys' fees pursuant to the facts of this case and the statutes mentioned above.
Reversed and remanded.
RAWLS, C.J., and SMITH, LARRY G., Associate Judge, concur.