PER CURIAM.
This appeal is by the plaintiff below from an adverse judgment entered on a non-jury trial. We find error, and reverse.
The plaintiff, Richard Morris, who was residing in the household of his father, Earnest Morris, received personal injuries caused by an uninsured motorist, while Richard Morris was driving an automobile owned by his brother, Randal F. Morris.
The plaintiff’s father, Earnest Morris, held a liability indemnity policy with uninsured motorist coverage, issued to him by the appellee, Pennsylvania National Mutual Insurance Company, herein referred to as the insurer. Under the terms of the policy Richard Morris was an insured.
Following a denial of coverage by the insurer this action was brought by Richard Morris against the insurer for declaratory judgment to establish coverage, and to compel arbitration.
The policy provided “Family Protection Coverage” for an insured, defined therein as “the named insured and any relative”, the latter being defined as a relative who is a resident of the household of the named insured.
In defense thereof the insurer asserted absence of coverage based on an exclusionary clause in the policy which provided that the uninsured motorist coverage did not apply:
“to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile; * * *”.
Randal Morris was the titled owner of the automobile being driven by the plaintiff, Richard Morris, at the time of the accident. It was one of two automobiles owned by Randal Morris, who had granted Richard Morris the right to use the automobile in question, which the latter did for the limited purpose of driving to and from his place of work and for errands.
Following trial a judgment was entered in favor of the defendant insurer, thereby holding absence of coverage based on the exclusionary clause above quoted. That ruling of the court was error.
*923 We need not invoke the rule established in Florida against exclusionary provisions in such policies which operate to reduce or impair the benefit of the uninsured motorist coverage required therein by law,[1] because on the facts of the case the exclusionary clause of the policy was not applicable to preclude coverage or bar the claimant’s right to arbitration. This is so because the exclusionary clause provided that uninsured motorist coverage did not apply to bodily injury to an insured while occupying an automobile (other than an insured automobile) “owned by the named insured or a relative”. Here the automobile occupied by Richard Morris when he was injured, although it was not an insured automobile, was not one owned by the named insured or by a relative as defined in the policy. The automobile being used was owned by Randal Morris, the plaintiff’s brother, and because Randal was not living in the household of the named insured, he was not a “relative” as defined.
For the reasons stated the judgment is reversed and the cause is remanded with direction to enter judgment holding in favor of the plaintiff on the question of coverage and directing arbitration.
It is so ordered.

. Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229 (Fla.1971); Johnson v. Auto-Owners Insurance Company, 289 So.2d 748 (Fla. 1st DCA 1974); Lee v. State Farm Mutual Automobile Insurance Company, 339 So.2d 670 (Fla. 2d DCA 1976).