519 So.2d 649 (1988)
John TREZZA, As Personal Representative of the Estate of Anthony Michael Trezza, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 87-900.
District Court of Appeal of Florida, Second District.
January 6, 1988.
Rehearing Denied February 3, 1988.
Brian C. Harrington of Bacon, Bacon, Harrington, Johnson & Goddard, P.A., St. Petersburg, for appellant.
H. Shelton Phillips of Kaleel & Kaleel, P.A., St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
On November 29, 1985, Anthony Michael Trezza (Trezza) was killed in an automobile accident in Stafford County, Virginia while a passenger in a friend's automobile. Appellant, his father, sued State Farm Insurance Company (appellee) as personal representative of Trezza's estate under the uninsured motorist provisions of an automobile insurance policy appellee issued to appellant and his wife on their automobile. Appellee denied coverage on the ground that Trezza was not a "resident relative" and, thus, not an insured within the definitions *650 contained in the insurance contract sued upon.
Appellee filed a motion to dismiss appellant's complaint arguing that Trezza's enlistment in the navy sufficiently severed Trezza's residency at appellant's home such that Trezza was not a "resident relative" under appellant's policy. The trial court granted with prejudice appellee's motion to dismiss. The trial court held:
1. That the decedent, Anthony Michael Trezza, was not living with his father, John Trezza, at the time of his demise as set forth in the Complaint and therefore there would not be any uninsured/underinsured motorist coverage available under his father's policy with Defendant.
2. The Court finds that the Defendant considered one exception to allowing coverage for a relative who was not living with the insured when it specifically included the insured's unmarried and unemancipated child while away at school thereby clearly reinforcing Defendant's limitation of coverage to a relative living with the named insured.
3. The Court finds that the clear and unequivocal interpretation to be given to the words "who lives with you" clearly eliminate someone who was living away from the insured's home other than the child away at school exception and that the interpretation of residence has no bearing as to determination of coverage under Defendant's policy.
On appeal, appellant contends that the trial court erred in granting appellee's motion to dismiss. Appellant argues that the trial court's interpretation of the insurance policy is at odds with the state's public policy demanding protection of innocent and injured persons from the negligence of persons who operate motor vehicles without insurance or with inadequate insurance. We agree.
The legislative purpose behind section 627.727, Florida Statutes (1985), is to provide coverage to innocent parties. Lee v. State Farm Mutual Automobile Insurance Co., 339 So.2d 670 (Fla. 2d DCA 1976); First National Insurance Co. v. Devine, 211 So.2d 587 (Fla. 2d DCA 1968). Restrictions upon uninsured motorist coverage are against public policy and void. Lee, 339 So.2d at 672; Devine, 211 So.2d at 589. The court should construe policy terms "as liberally as those terms permit in common usage, so as to give effect to the intentions of the parties and purposes of the insurance." Row v. United Services Automobile Association, 474 So.2d 348 (Fla. 1st DCA 1985). See also Appleton v. Merchants Mutual Insurance Co., 16 A.D.2d 361, 228 N.Y.S.2d 442 (1962).
"Residency," a question of law and fact, is to be determined on a case by case basis. In Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870 (Fla. 1941), the Florida Supreme Court described residency thus:
The residence of a party consists of fact and intention. Warren v. Warren, 73 Fla. 764, 75 So. 35, L.R.A. 1917E, 490. Residence indicates place of abode, whether permanent or temporary. Minick v. Minick, 111 Fla. 469, 149 So. 483. A resident is one who lives at a place with no present intention of removing therefrom. Tracy v. Tracy, 62 N.J. Eq. 807, 48 A. 533. Whether or not a party is a resident is a question of law and fact to be settled or determined from the facts of each particular case.
Id. 2 So.2d at 873-74.
When the facts are essentially undisputed, whether those facts fit within the policy definition is a question of law that may be decided on appellate review. Row, 474 So.2d at 349.
Whether a person in the Armed Forces remains a "resident" of his former household when he has not evidenced an intent to alter his residence and is only physically absent from his home for the purpose of serving his country in the naval or military services of the United States is a question of first impression in Florida. In other instances, Florida courts have construed "residency" broadly to find uninsured/underinsured coverage. For example, in Row, 474 So.2d at 349, Row's son, at the time of his death, lived in one of a series of "twelve one-bedroom apartments comprising three quadraplexes located on one parcel of land". The son was dependent on Row for both emotional and financial support. In holding that the son's estate was entitled to recover uninsured *651 motorist benefits under Row's automobile insurance policy, the court stated:
The fact that Mark did not physically reside within the same apartment as his father does not preclude his being a resident of his father's household. The record contains no evidence to support a conclusion that Mark either intended to maintain or was financially and emotionally capable of maintaining his own household separate and apart from that of his father.
Id. at 352.
Other jurisdictions have held that entry into military service does not change a person's residence. For example, in Small v. Small, 96 Misc.2d 469, 409 N.Y.S.2d 379 (1978), the court stated:
[B]ecause the change of domicile must be freely and intentionally made entrance into the armed forces or transfers of residence while in military service usually are held not to constitute changes of domicile. The domicile of someone in military service does not change to the place where he is stationed nor does it shift every time the person is transferred to another base.
Id. at 381-82.
In American Universal Insurance Co. v. Thompson, 62 Wash.2d 595, 384 P.2d 367 (Wash. 1963), the court held that appellant's minor son who was in the service and residing on an army base and who had an accident while driving an automobile he did not own was a "resident of the same household" as his parents and, thus, covered under their insurance policy. The court relied on the facts that the son kept his personal belongings at his parents' home, invariably returned to his parents' home on furloughs, and spent little time with his fourteen-year-old wife who lived with her parents.
In Beck v. Pennsylvania National Mutual Casualty Insurance Co., 429 F.2d 813 (5th Cir.1970), the U.S. Circuit Court, applying Pennsylvania law to determine whether the named insured's son who was stationed in Florida was a resident of the insured household so as to be covered, stated:
Unfortunately, Pennsylvania has not decided whether a serviceman changes his residence upon being stationed away from home while in the armed services. We must therefore prognosticate what a Florida judge would think a Pennsylvania judge would think about a question that Pennsylvania judges have not thought about. See Nolan v. Transocean Air Lines, 2 Cir. 1960, 276 F.2d 280, modified, 365 U.S. 293, 81 S.Ct. 555, 5 L.Ed.2d 571. We divine that the Pennsylvania courts would hold that Beck, Junior, was still a resident of his father's household. Not only did Beck, Junior, leave all his personal belongings in his father's house and return home on every leave, he also returned to his father's household for several months after his discharge and tried to find a job. The basis for this Erie guess is that we think if the Pennsylvania courts were faced with the issue sub judice they would follow the majority rule and hold that where an insured leaves his personal belongings at his former address and does not clearly manifest an intention to change his residence he is still a resident of his former home. E.g., American Universal Insurance Company v. Thompson, 1963, 62 Wash.2d 595, 384 P.2d 367; Giese v. Karstedt, 1966, 30 Wis.2d 630, 141 N.W.2d 886; Detroit Automobile Inter-Insurance Exchange v. Feys, N.D.Cal. 1962, 205 F. Supp. 42; cf. Allen v. Maryland Casualty Company, W.D.Va. 1966, 259 F. Supp. 505.
Id. at 816-17.
See also Detroit Automobile Inter-Insurance Exchange v. Feys, 205 F. Supp. 42 (N.D.Cal. 1962) (quarters of a service man on base are not a result of his own volition; he retains his old residence until a different intention is apparent); Raymond v. Century Indemnity Co., 264 Wis. 429, 59 N.W.2d 459 (Wis. 1953) (named insured's twenty-year-old son who had lived with the named insured until entering the Armed Forces was a member of the insured's household within the automobile policy's provisions); Appleton (named insured's stepson was a resident of the named insured's household despite the fact that the stepson was serving in the Armed Forces at the time of his injury in an automobile accident).
*652 Most interestingly, in Senn v. State Farm Mutual Automobile Insurance Co., 287 S.W.2d 439 (Ky. 1956), State Farm argued that residency is not destroyed by virtue of military service. State Farm relied upon an exclusion for liability for bodily injuries received by insured or "any member of the family of the insured residing in the same household of the insured." Leonard Senn, plaintiff, was injured in an automobile accident caused by his brother's (Elmer) negligence. The accident occurred while Elmer was at his parents' home on furlough. State Farm argued that the exclusion applied because both brothers were members of the same household. Elmer lived with his parents prior to entering military service and when he was discharged returned to his parents' home where he resided until the action was filed. The court held:
There is no doubt that at the time of the accident in which Leonard was injured he was residing in the same household as Elmer, the insured, unless the latter was no longer a member of that household by reason of the fact that he was then in active military service. We think the facts show that Elmer was only temporarily absent from the family group. His absence was never accompanied by an intent to change permanently his residence or his home, and he returned immediately to the household upon the cessation of his military duties.... Therefore, the trial court properly entered judgment in favor of the Company.
Id. at 440.
In the instant case, the appellant's complaint alleges the following facts. Trezza, who had enlisted in the navy on June 21, 1985, was stationed at a naval base in Norfolk, Virginia. The then nineteen-year-old Trezza resided continuously with his parents prior to entering the navy. After entering the service, Trezza continued to maintain a majority of his personal belongings at his parents' address. While in the service, Trezza continued to use his parents' address as his address. The retail installment contract and premium finance agreement on his car listed his parents' address as his permanent address. His enlistment document showed Trezza's home of record as his parents' address.
Clearly, Trezza considered his parents' address as his permanent address and home. We join those jurisdictions adhering to the majority rule that: "[t]he domicile of someone in military service does not change to the place where he is stationed nor does it shift every time the person is transferred to another base." Small, 409 N.Y.S.2d at 381-82. Absent a manifest intention to change residence, a person in the military remains a resident of his former address. Beck, at 817. Accordingly, we hold that Anthony Michael Trezza fits the definition under appellee's insurance policy issued to his father and that the trial judge erred in granting appellee's motion to dismiss.
Reversed with instructions to the trial court to vacate the order granting dismissal with prejudice and to reinstate the complaint. The cause shall proceed in a manner consistent with this opinion.
LEHAN, J. and BOARDMAN, EDWARD F., (Ret.) J., concur.