536 So.2d 1089 (1988)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Russell Johnson, Appellee.
No. 87-3071.
District Court of Appeal of Florida, Fourth District.
November 16, 1988.
*1090 Frank W. Weathers of Weathers & Seaman, Lantana, for appellant.
Robert T. Bergin, Jr., of Bergin & Culler, West Palm Beach, for appellee.
DELL, Judge.
Appellee suffered personal injuries while riding as a passenger in an uninsured motor vehicle. He sought uninsured motorist, personal injury protection and medical payments insurance benefits under two policies issued by appellant to his father, William L. Johnson. The parties stipulated that the accident happened as a result of the operator's negligence and that appellee incurred medical expenses in excess of $10,000 as a result of the accident.
On March 1, 1986, the day of the accident, appellee lived at 529 Putnam Road in West Palm Beach, Florida. He occupied those premises pursuant to a one-year lease that he signed on October 1, 1985. Prior to signing the lease, he lived with his parents at 6611 Lytal Court in West Palm Beach. After moving to the Putnam Road address he received his mail at his parents' home, used his parents' telephone number, received all his messages at his parents' home, had a key to his parents' home, and had the free rein of his parents' home. A few weeks before the accident, he told a person living at the apartment he intended to move out of the premises on Putnam Road. His mother testified that he had talked with her about moving home, but on the date of the accident appellee occupied the residence at Putnam Road.
Appellee owned a Chevrolet pickup truck. The pickup had been inoperative for two or three weeks before the accident due to a defective clutch. On the day of the accident, the truck had no transmission since it had been removed to replace the clutch. Appellee allowed the truck's insurance to lapse before it broke down and had driven it as an uninsured vehicle.
Appellee filed a complaint seeking uninsured motorist, personal injury protection and medical payments benefits under his father's insurance policies. Appellant filed an amended affirmative defense alleging that:
Plaintiff did not live with the named insured at the time of the accident alleged, and, therefore, coverage as alleged is not applicable.
Appellant's policies contained the definition of "relative" in a section labeled "DEFINED WORDS WHICH ARE USED IN SEVERAL PARTS OF THE POLICY." The policy defined the term "relative":
Relative  means a person related to you or your spouse by blood, marriage or adoption (including a ward or foster child) who lives with you. It includes your unmarried and unemancipated child away at school. [Underscore emphasis added].
Appellee replied to the affirmative defense and asserted that section 627.732(4), Florida Statutes (1985) required the application of the following definition:
"Relative residing in the same household" means a relative of any degree by blood or by marriage who usually makes his home in the same family unit, whether or not temporarily living elsewhere. [Emphasis added].
*1091 Appellant moved in limine for a determination of which definition would be applied to appellee's claim for uninsured motorist benefits and medical payments benefits. Appellant conceded that, because personal injury protection coverage is required by statute, the statutory definition of "relative" would apply to appellee's claim for personal injury protection benefits. However, appellant argued that the policy definition should be applied to appellee's claim for uninsured motorist coverage and medical payments benefits since these coverages are not mandatory under Florida law. The trial court ruled on appellant's motion and determined:
[T]hat the section providing No Fault Coverage is severable from the sections providing Liability and Uninsured Motorists Coverage. However, by using the bold faced italic word, Relative(s), in all sections STATE FARM has created an ambiguity.
The ambiguity must be construed against STATE FARM and in favor of its insured. Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla. 1975).
At the conclusion of all the evidence, appellant moved for a directed verdict and argued that appellee's evidence failed to establish his entitlement to benefits under either the statutory definition of relative or under the policy definition. Appellant also argued that appellee's failure to have his truck insured as required by section 627.733, Florida Statutes (1985) barred his claim for personal injury protection benefits. The trial court denied appellant's motions for a directed verdict. The trial court granted appellee's motion for a directed verdict on the issue raised concerning his failure to have his vehicle insured as required by section 627.733. The trial court submitted the question of whether appellee qualified as a "relative" under the policies to the jury and gave only the statutory definition of "relative" in its instruction to the jury.
Appellant contends the trial court erred by not applying the policy definition of relative to the uninsured motorist and medical payments claim. Appellant also contends the trial court erred when it directed a verdict in favor of appellee on his claim for personal injury protection benefits because appellee did not have his truck insured as required by section 627.733, Florida Statutes (1985). We affirm.
The court instructed the jury that:
The issue for your determination on the claim of Russell Johnson against State Farm is whether on March 1, 1986, Russell Johnson qualified as a relative residing in the same household as William Johnson. "Relative residing in the same household" means a relative of any degree by blood or marriage who usually makes his home in the same family unit, whether or not temporarily living elsewhere.
The jury answered the question, "Did Russell Johnson usually make his home in the same family unit as William Johnson?" in the affirmative.
Appellant claims that it used clear and unambiguous language in its definition of "relative" and challenges the trial court's conclusion that appellant's failure to define relative in accord with the personal injury protection statute created an ambiguity which required application of the statutory definition to coverages not controlled by the statute. We find appellant's argument persuasive but we affirm this case for the reasons stated in Trezza v. State Farm Mutual Automobile Insurance Company, 519 So.2d 649 (Fla. 2d DCA 1988) and Sutherland v. Glens Falls Insurance Company, 493 So.2d 87 (Fla. 4th DCA 1986). In Trezza the court construed the phrase "who lives with you" as it applied to a person in the armed forces. The court held that the insured's son qualified as a resident relative for uninsured motorist benefits. The court reasoned:
The legislative purpose behind section 627.727, Florida Statutes (1985), is to provide coverage to innocent parties. Restrictions upon uninsured motorist coverage are against public policy and void. The court should construe policy terms "as liberally as those terms permit in common usage, so as to give effect to the *1092 intentions of the parties and purposes of the insurance." [Citations omitted].
Id. at 650.
We disagree with appellant's argument that the holding in Trezza should be limited to a person in the military. The issue before the court required an interpretation of the phrase "who lives with you" which the court decided in favor of the claimant, using traditional concepts of residency.
In Sutherland, this court concluded that a family member could be a resident of his mother's household notwithstanding the fact that he resided out of his mother's home at the time of the accident:
We urge that, much as one can be a resident of a new place even though one has substantial ties to a former place of residence, one can remain a resident of one's former household while trying out different living accommodations. The Whitten majority might well disagree. More importantly, we think it is for the jury, not the court, to decide, when the evidence may be seen to point in either direction.
Id. at 89.
The court in Alava v. Allstate Insurance Company, 497 So.2d 1286 (Fla. 3d DCA 1986), rev. denied, 508 So.2d 13 (Fla. 1987), reached the same conclusion. Appellant argues that we should not consider these cases because the policy definition of "family member" differed from the definition in the policy before us. In Sutherland and Alava, the policy definition related to "resident of your household." We find no merit in this argument since we agree with the Trezza court's interpretation and application of the phrase "who lives with you." For the reasons stated above, we hold that, under the facts of this case, the trial court did not err when it gave only the statutory definition of relative in its instruction on appellee's claims for uninsured motorist benefits, personal injury protection benefits and medical payments benefits.
Finally, we affirm the trial court's directed verdict in favor of appellee on the question of compliance with the security requirements of section 627.733, Florida Statutes (1985). See Sherman v. Reserve Insurance Company, 350 So.2d 349 (Fla. 4th DCA 1977), cert. dismissed, 355 So.2d 516 (Fla. 1978) and Quanstrom v. Standard Guaranty Insurance Company, 504 So.2d 1295 (Fla. 5th DCA 1987).
AFFIRMED.
WALDEN and STONE, JJ., concur.